Thomas Rizzuto, Respondent, *v.* United States Shipping Board Emergency Fleet Corporation and Others, Appellants.

Second Department, June 5, 1925.

Pleadings — action for negligence — motion by defendant, under Rules of Civil Practice, rule 107, before answer served, to dismiss complaint on ground of release — motion heard on complaint, affidavits and general release — plaintiff alleges that release was procured by duress — general release to one of three defendants broad enough to inure to all — court, under Rules of Civil Practice, rule 108, should have ordered trial of question concerning release before decision on motion for dismissal.

In an action to recover damages arising out of negligence, in which the defendants, before answering, moved under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the plaintiff had executed a general release, the court under rule 108 of the Rules of Civil Practice, on the argument of the motion which was heard on the complaint, affidavits and general release, and on the affidavit of the plaintiff that the release was procured by duress, should have directed a trial by jury of the question of the general release with directions for the jury to report its findings to the court for its action, before the decision was made on the motion to dismiss the complaint.

The general release, although running solely to one of the defendants, is broad enough to inure to the benefit of the other defendants, alleged joint tort feasors, inasmuch as there is no reservation in the release of any right of action or claim against the other defendants.

Appeal by the defendants, United States Shipping Board Emergency Fleet Corporation and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 20th day of February, 1925, denying defendants' motion made under sections 277 *et seq.* of the Civil Practice Act, rule 107, subdivision 7, and rule 108 of the Rules of Civil Practice for judgment dismissing the complaint.

*O. K. King* [*E. C. Sherwood* with him on the brief], for the appellant Brady & Gioe, Inc.

No briefs for the other appellants.

No brief for the respondent.

KAPPER, J.:

Plaintiff, while in the employ of the defendant Brady & Gioe, Inc., working on a steamship, suffered personal injuries which he claimed resulted from the negligence of his employer and the two other defendants named. He began an action against them for damages. His complaint states a cause of action for negligence.

The defendants have not answered, but have moved, upon affidavit, coupled with a general release alleged to have been executed by the plaintiff, to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice. The general release, although running solely to the defendant Brady & Gioe, Inc., is broad enough to inure to the benefit of the other defendants (alleged joint tort feasors), inasmuch as there is no reservation therein contained of any right of action or claim against the other defendants. (See *Walsh* v. *N. Y. C. & H. R. R. R. Co.,* 204 N. Y. 58.)

The plaintiff submitted an affidavit upon the motion in which he admits the making of the general release but alleges that he signed the same under *duress.*

In defendants' notice of motion to dismiss, made upon the complaint, affidavits and the general release, they also asked " for such other and further relief as to this court may seem just and proper." The learned court at Special Term denied the motion, holding that the issue of fact raised by the affidavits should not be tried under rule 108 of the Rules of Civil Practice, but that the defendants should answer, and in the event of the answer setting up the release as a defense, the court would have power to sever the issues and separately try the issue of the general release, pursuant to section 443 of the Civil Practice Act.

The Rules of Civil Practice (Rule 107) provide for a motion for judgment when the defect does not appear on the face of the complaint. Its language, so far as here material, is: " Within twenty days after the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, * * * on the complaint and affidavit stating facts tending to show: * * * 7. That the claim or demand set forth in the complaint has been released."

Rule 108 provides: " If the plaintiff on the hearing of a motion specified in the last rule shall present affidavits denying the facts

alleged by the defendant or shall state facts tending to obviate the objection, the court may hear and determine the same and grant the motion, and in its discretion allow the plaintiff to amend the complaint upon such terms as are just; or it may direct that the questions of fact, which shall be clearly and succinctly stated in the order, be tried by a jury or referee, the findings of which shall be reported to the court for its action; or it may overrule the objections, and in its discretion may allow the same facts to be alleged in the answer as a defense."

It will be noted that the court " may " overrule the objections, and " in its discretion " allow the facts to be alleged by way of answer. This discretion, I take it, should be exercised in a case where it would be unfair to have a particular issue tried out as provided by the rule, such as might involve the merits of the plaintiff's cause of action, or where two trials are probable or likely. In this case it seems to me that rule 108 should have been followed by the Special Term.

We had a similar situation in *Galanti* v. *Brady & Gioe, Inc.* (211 App. Div. 858), where we modified the order denying the defendant's motion to dismiss the complaint by adding thereto a provision that the question of fact as to the execution of the general release by the plaintiff be tried by a jury and that the findings be reported to the court for its action, as provided in rule 108; and we said: " On the facts disclosed in the papers, the issue as to the execution of the alleged release in no way involves the main issue, and the necessity for what would be in effect two trials of the same issue is not presented."

I advise that the order denying defendants' motion to dismiss the complaint be modified by adding thereto a provision that the question of fact as to the execution of the general release by plaintiff be tried by a jury, the findings to be reported to the court for its action, as provided in Civil Practice, rule 108; and as so modified that the order be affirmed, without costs.

Kelly, P. J., Jaycox, Manning and Kelby, JJ., concur.

Order denying defendants' motion to dismiss complaint modified by adding thereto a provision that the question of fact as to the execution of the general release by plaintiff be tried by a jury, the findings to be reported to the court for its action, as provided in Civil Practice, rule 108; and as so modified, order affirmed, without costs.