FRED E. BARKER, Respondent, *v.* JOHN R. CONLEY et al., Appellants.

(Argued February 25, 1935; decided April 16, 1935.)

*Esmond D. Murphy* for appellants.

*Glen R. Bedenkapp* for respondent.

CRANE, Ch. J.  The plaintiff sued in negligence and the defendants moved to dismiss on affidavits setting up a general release for a considerable sum of money paid. The plaintiff said in replying affidavits that he had been deceived into believing that he would get more money and that the paper he signed was not the end of the matter — a release. A question has arisen on the practice under rule 108, of sending these questions of fact to a jury on the affidavits instead of an answer.

Former section 421 of the Civil Practice Act read: " Issues defined and enumerated.  The issues, for the purpose of a trial, are those *only* which are presented by *the pleadings*.  An issue arises where a fact or a conclusion of law is maintained by one party and controverted by the other.  Issues are of two kinds: 1. Of law; and 2. Of fact."

Chapter 372 of the Laws of 1921 repealed section 421. Senate bill No. 858 in section 6 contained in brackets the following, "[Sec. 284, 421 and 1444, as renumbered 1482

of the C. P. A. are repealed to agree with Civil Practice Rules 106–111]."

The Civil Practice Rules adopted September 21, 1920, carry this note in the printed volume: " The rules· embraced in this pamphlet were adopted by the Convention to Consider and Adopt Rules of Civil Practice on the 21st day of September, 1920, subject, however, to such amendment as might be deemed necessary after the action of the Legislature on the suggestions of the Committee to Consider and Present Amendments to the Civil Practice Act."

Rule 108 was then in the exact language it is today. In part it is, " * * * or it may direct that the questions of fact, which shall be clearly and succinctly stated in the order, be tried by a jury or referee, the findings of which shall be reported to the court for its action; or it may overrule the objections, and in its discretion may allow the same facts to be alleged in the answer as a defense. * * *."

In *Herzog* v. *Brown* (217 App. Div. 402 [First Dept.]) WAGNER, J., approved this practice. In an action on contract, the affidavits on a motion to dismiss set up the Statute of Frauds. The disputed question of fact the court held should be tried by a jury " as provided in rule 108." The order was affirmed by this court (243 N. Y. 599, 600), although in answering the certified question, " Does the answering affidavit in opposition to said motion, state facts sufficient to raise an issue of fact," etc., we apparently did not consider the question of practice.

In *Mohamed* v. *Unifruitco S. S. Co.* (223 App. Div. 791 [Second Dept.]) the question of a release was submitted to a jury under this rule 108. (Also *Perloff* v. *Kelmenson*, 226 App. Div. 696 [Second Dept.]; *Galanti* v. *Brady & Gioe, Inc.*, 211 App. Div. 858 [Second Dept.]; and *Rizzuto* v. *United States Shipping Bd.*, 213 App. Div. 326 [same department].)

Clark on Code Pleading (Ch. 8, p. 386, § 88) says of "Motions Raising Issues of Fact," "The procedure seems highly desirable. It is thus possible to raise in short and simple form issues on matters of a continually recurring sort, where usually the facts are clear and the questions are usually of law only."

Carmody's New York Practice (Vol. 3, pp. 2295 *et seq.*, § 1057) refers to this practice under the rules. On the other hand, Prof. Alden's edition of Abbott's Practice and Forms points out the extreme caution which should be used in sending questions of fact to a jury when they are raised in affidavits instead of by answer in the manner provided by section 422 of the Civil Practice Act and the following sections. (3d ed. [1925], vol. 2, pp. 1719, 1720.)

The orders appealed from must be modified, however, because the question to be submitted to the jury does not comply with the rule. This must be clearly and succinctly stated. Every question of fact cannot thus be submitted; it must be one which if decided in favor of the defendants ends the litigation. For this purpose was the Practice Act amended and the rule made. To terminate lawsuits by the speedy disposition of questions in bar of recovery was the end in view. A general release, the Statute of Limitations or of Frauds are instances, if found to apply, which end all further proceedings.

The justice at Special Term denied the motion to dismiss the complaint because of a general release, with ten dollars costs. This he might have done if he had stopped here, because a question of fact had arisen on the affidavits. He went further, however, and ordered a separate trial of the following questions of fact, viz.:

" Whether the plaintiff at the time of executing the release was aware of its nature and effect;

" Whether plaintiff was induced to execute and deliver said release in reliance upon false and fraudulent representations made by the defendants to the effect that by

the execution and delivery of the same he was not releasing his cause of action against said defendants; and

" Whether said plaintiff executed said release under duress."

The Appellate Division modified the order by reframing the questions to read: " Ordered that a separate trial by jury be had of the issue arising upon the defense of release," and directing that no decision of the motion be made until after the verdict of the jury. This, as above stated, was not a compliance with the rule. No question of fact has been clearly and succinctly stated in this order. The *issue* is submitted to the jury. What is the issue? It must be stated in the order, not left to be determined by reading the affidavits. The order must state the questions of fact. From the order of the Appellate Division we cannot tell what the " issue arising upon the defense of release " is. We must look to the affidavit for this and then minds may and have differed as to that issue. The order must state the fact to be decided and when decided it must be decisive one way or the other. Both courts were partly in error. The only question which could be submitted was the fraud, if any, in procuring the release. The Special Term judge had it right in his second question submitted, Was the plaintiff induced to execute and deliver said release in reliance upon the false and fraudulent representations made by the defendant to the effect that by the execution and delivery of the same he was not releasing his cause of action against said defendants? This is the one and only question. No duress was shown and the plaintiff's ignorance of what he was signing is immaterial unless he was deceived in doing so. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Pimpinello* v. *Swift & Co.*, 253 N. Y. 159.)

The orders should be modified in accordance with this opinion, and as so modified affirmed, without costs.

The questions certified are answered as follows:

" 1. Do the plaintiff's answering affidavits create a question of fact to be submitted to a jury? " We answer, " Yes."

" 2. Did this court err, as matter of law, in making its order of October 3, 1934? " We answer, " Yes, in the manner of reframing the questions as herein stated."

LEHMAN, J. (dissenting in part). To defeat a motion to dismiss the complaint under rule 107 on the ground that the cause of action has been released, the plaintiff has filed affidavits in which he admits the execution of the release and the payment of the stipulated considera-tion, but asserts in effect that he was informed and believed that after signing the paper he would get more money. The assertion is vague, in fact wholly made up of mere conclusions — so too are other assertions which might be read as intended to show that he signed the release without understanding its effect and under some kind of duress. As Chief Judge CRANE points out, " minds may and have differed " as to what " issue " is raised by the answering affidavits. The reason why minds may and have differed as to that is that even the plaintiff has not formulated the issue he desires to raise, other than by claim that the release is open to attack. If the affidavits were to be tested in the manner in which a pleading, devised as an attack, would be tested, then it is clear beyond possibility of dispute that the affidavits would be insufficient. Nowhere in the affidavits can be found a direct statement that the plaintiff was deceived by any fraudulent misrepresentation of defendants' agent that the paper was other than a release, and nowhere is there an offer to return the consideration paid.

It may be urged that the rules do not contemplate that affidavits made upon a motion should not be subjected to the same test as a formal pleading. That is, I think, true. By a motion made under rule 107 before answer is served, a defendant asserts that the plaintiff has no cause of

action which he should be called upon to defend or which the courts should be called upon to determine. The procedure is intended in the proper case, to provide summary action where formal litigation would be futile. The purpose of the rule would be to a great extent thwarted if, in such procedure, the formulation by affidavit of possible questions of fact were required with the same precision as may be required in formal pleadings. None the less, the affidavits must state sufficient facts to enable the court to pass intelligently upon the motion, according to each party the rights to which that party is entitled.

What the court must pass upon is only whether the complaint should be summarily dismissed or should be permitted to proceed to trial. Under rule 107 a defendant must present an affidavit " stating facts *tending* to show " that one of the objections enumerated in the rule bars the maintenance of the action. If the affidavit is sufficient for that purpose, then the plaintiff, to defeat the motion, must " present affidavits denying the facts alleged by the defendant or shall state facts *tending* to obviate the objection." (Rule 108.) If it conclusively appears from undenied allegations of fact that one of the objections enumerated in rule 107 exists, then the complaint should be dismissed. If the plaintiff asserts that the bar to recovery as alleged in the moving papers does not in fact exist, such dispute must be determined in a proper forum and in accordance with due process of law. Rule 108 gives some discretion to the court in that regard. It may direct that the questions of fact be tried by a jury or referee, or it may overrule the objections and allow the same facts to be alleged in the answer as a defense.

If the court directs trial before a jury or referee, the questions of fact to be tried must be clearly and succinctly stated in the order. Then, obviously, the plaintiff's affidavits filed in opposition to the motion to dismiss the complaint must show what relevant facts are dis-

puted. A denial of the facts alleged in the moving affidavits will, ordinarily, suffice for that purpose. That is not necessarily true where, as in this case, there is no denial of such facts, but a statement of other facts " tending to obviate the objection." That is not true here, I think, even though we should find in the language of the plaintiff's affidavit an intention to allege that there was such fraud as to induce the plaintiff to believe that he was signing a receipt, or some paper other than a release. Such fraud " in the factum " might, it is true, permit the plaintiff to recover upon his cause of action without offering to return the money received when the instrument was signed; but quite clearly, even if the plaintiff did intend to allege fraud " in the factum," he did not intend to confine his allegations to such fraud. All that the plaintiff attempted, and all that was required of him under the rules, to defeat the motion for summary dismissal of the complaint, was to state facts which in some manner *tend* to obviate the objection. So the justice at Special Term construed the affidavit and so, apparently, did the Appellate Division. Now this court proposes, as I understand, to limit the question to be tried to fraud in the factum. If that is decided against the plaintiff, then the plaintiff will be forever barred from litigating questions of fact appearing with even greater clarity in the affidavits; viz., fraud in the treaty and failure to understand the nature and effect of the paper he signed.

True, such facts if established would give rise at most to a right to rescind upon the return of the consideration paid by the defendants, and the plaintiff has not offered to return that consideration or sought rescission before the action was brought. If the release is pleaded as a bar in the answer, then the plaintiff might perhaps still show facts which would justify the invocation of the equitable powers of the court for its rescission even at this late date, and at least prevent an adjudication on

the merits of its validity. Now the order as modified precludes the plaintiff from objecting to the validity of the release, except on one narrow ground, and compels the defendant to litigate before a jury a question of fact which the court has formulated as a conclusion from allegations which are themselves at most merely vague conclusions. The plaintiff's affidavits do not in my opinion create a question of fact to be submitted to the jury and were not intended to do so.

The affidavits do, none the less, show that there is a dispute as to the validity of the release which the plaintiff should have opportunity to present in an appropriate forum. Since no pleadings have been served in regard to that release, the issues in the dispute are not yet formulated. Thus I agree with Chief Judge CRANE that the order of Special Term would have been proper if it had merely denied the motion to dismiss the complaint and had permitted the defendants to allege the release in the answer. It would have been correct, not because a question of fact was raised by the affidavits, but because the affidavits show that some dispute of fact probably exists which should be litigated in the action.

The order of the Appellate Division should be reversed and order of Special Term modified by striking out the provisions for a separate trial and as modified affirmed, without costs.

O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur with CRANE, Ch. J., LEHMAN, J., dissents in opinion in which CROUCH, J., concurs.

Ordered accordingly.