BELLA V. DODD, Appellant, *v.* HARPER & BROTHERS et al., Respondents.

First Department, May 14, 1957.

*Bella V. Dodd,* in person, of counsel (*Dodd, Cardiello & Blair,* attorneys), for Bella V. Dodd, appellant.

*Harriet F. Pilpel* of counsel (*Julia Perles* with her on the brief; *Greenbaum, Wolff & Ernst,* attorneys), for Harper & Brothers and others, respondents.

*John V. Lindsay* of counsel (*Webster, Sheffield & Chrystie,* attorneys), for the Fund for the Republic, Inc., and others, respondents.

*Per Curiam.* Special Term has granted the motion of the various defendants, made pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss the complaint in this action for libel on the ground that the period prescribed in the Statute of Limitations had expired prior to any of the dates upon which the summons and complaint were served on defendants. It properly found that distribution of *Harper's Magazine,* under the applicable " single publication " rule, had been completed more than one year prior to the earliest date that the action was commenced against any of defendants. Explicit and convincing affidavits by persons in charge of distribution, who possessed first-hand knowledge of the facts, were submitted by the so-called Harper defendants, and plaintiff did not controvert their factual statements as to the distribution timetable.

Special Term correctly held that the 25,000 reprint copies of the allegedly libelous article that were ordered by defendant Fund from *Harper's Magazine* constituted a separate and distinct publication, but that defendants could also avail themselves of the single publication rule in relation to the distribution of these reprint copies. The original deliveries by Harper & Brothers to the designees of the Fund were not such distribution of the reprints as would constitute a publication that would set in motion the Statute of Limitations. Special Term accepted the dates asserted in the moving papers as the dates of distribution of the reprint copies, finding they had been distributed prior to May 20, 1955. Had there been an adequate showing of distribution on those dates, by the Fund's mailing service, Special Term would have been justified in its holding that any action based on the distribution of the reprints was not commenced within the time specified by the Statute of Limitations. A consultant with the Fund, who is apparently not charged with the responsibility of distribution, furnished an affidavit setting forth the dates and volume of distribution by an outside mailing service. He stated that this data was reflected in documents in the files of the Fund. These documents were not further identified, nor was an affidavit furnished by anyone

in the employ of the mailing service. Therefore, although the ultimate facts claimed by the Fund are not directly controverted by plaintiff, the Fund has not in the first instance made a sufficiently satisfactory showing of the dates of distribution to sustain a motion of this nature.

A trial before an official referee, pursuant to rule 108 of the Rules of Civil Practice, and limited to the dates of distribution of the bulk of the reprint copies, is appropriate under the circumstances. One function of rule 108 is that a trial pursuant to its provisions may " terminate lawsuits by the speedy disposition of questions in bar of recovery " (*Barker* v. *Conley,* 267 N. Y. 43, 46). Upon such a trial the Fund or any of the other defendants who in varying degrees may share responsibility for publication of the reprints, may come forward with first-hand proof of distribution. If the official referee should find that the distribution of the reprints was substantially as claimed by the Fund in its moving papers, then the Statute of Limitations will be a complete bar and the litigation will be ended as to all defendants.

Accordingly, the order dismissing the complaint should be reversed and the matter remitted to Special Term, for a submission to an official referee pursuant to rule 108, so that a determination may be had of the date of publication of the reprints.

Botein, J. P., Rabin, Frank, Valente and McNally, JJ., concur.

Order dismissing the complaint unanimously reversed and the matter is remitted to Special Term, for a submission to an official referee pursuant to rule 108, so that a determination may be had of the date of publication of the reprints. Settle order on notice.