■ ALEX DE ROSA, Respondent, v. ANDREW S. CANTONI, Appellant.— In an action to recover a balance due for work, labor, and services performed and materials furnished, the appeal is (1) from a judgment of the County Court, Suffolk County, entered on a jury's verdict in favor of respondent, and (2) from an order denying appellant's motion to set aside the verdict and for a new trial. Judgment unanimously affirmed, with costs, and order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ ALLEN FINKEL, Appellant, v. MELVIN FINKEL, Respondent.— Plaintiff brought this action to recover damages for personal injuries arising out of the alleged negligence of the defendant, plaintiff's infant son, in the operation of a motor vehicle in which plaintiff was riding as a passenger. Defendant moved to dismiss the complaint pursuant to subdivision 8 of rule 107 of the Rules of Civil Practice on the ground that at the time of the accident he was an unemancipated infant, or in the alternative to require that the question of fact as to his legal status be set down for a hearing before an Official Referee pursuant to rule 108 of the Rules of Civil Practice. The court made an order referring the matter to an Official Referee. Plaintiff moved, *inter alia* to confirm in part the report of the Official Referee or to require the defendant to set up the defense of nonemancipation in his answer, and defendant moved to confirm in part the Referee's report and to dismiss the complaint as a matter of law. Plaintiff appeals from an order denying his motion and granting defendant's motion and dismissing the complaint. Order modified (1) by striking from the first ordering paragraph everything following the words "ORDERED that" and by substituting therefor the words "defendant's motion is hereby in all respects denied and it is", and (2) by striking from said order everything following the words "FURTHER ORDERED that" in the second ordering paragraph and by substituting therefor the words "plaintiff's motion is granted to the extent of permitting defendant, if he be so advised, to set up the defense of nonemancipation in his answer." As so modified, order unanimously affirmed, without costs. The answer is to be served, if defendant be so advised, within 10 days from the entry of the order hereon. Although rule 108 of the Rules of Civil Practice authorizes the court to direct that questions of fact arising on a motion made pursuant to rule 107 of the Rules of Civil Practice be tried by a jury *or referee,* the rule may not be construed so as to deprive a party of his right to a trial by jury of any issues as to which such right is guaranteed by the Constitution (N. Y. Const., art. I, § 2). (Cf. *Giannavola* v. *General Ry. Signal Co.,* 244 App. Div. 65; *Herzog* v. *Brown,* 217 App. Div. 402, affd. 243 N. Y. 599; *Conklin* v. *Palisades Interstate Park Comm.,* 278 App. Div. 588.) We do not find that the plaintiff has waived that right. In our opinion, the issue as to the status of the defendant as an emancipated or unemancipated minor at the time of the accident should be tried with the other issues. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.