I.
Charles J. Beckinella, J.
Defendant’s motion to preclude is granted unless plaintiff serves a bill of particulars within 20 days after service of a copy of the order to be entered hereon.
II.
Plaintiff’s cross motion is to strike out the affirmative defense (7) that the summons was not served personally upon the defendant Morris Horn. Mr. Horn, in an affidavit, says he found the summons “ slipped under ” his front door.
Under the Civil Practice Law and Rules a defendant who contends the court does not have personal jurisdiction over him may object to jurisdiction by making a motion to dismiss on the ground that ‘1 the court has not jurisdiction of the person of the defendant ” (3211, subd. [a], par. 8), or by raising that objection in the answer. The objection must be assorted at the time of ajipearance (CPLR 320, subd. [b]).
In this action the defendant chose to forego making a motion tp dismiss. Instead, he raised the defense by pleading it in his answer. The plaintiff countered by moving, pursuant to subdivision (b) of 3211, to dismiss the defense. The basis for a *990 motion under subdivision (b) of 3211 is “ that a defense is not stated.”
Whether or not a process server has made personal service of a summons upon a defendant is an issue that should be resolved as soon as possible after the objection to the service is made, and any party should be able to precipitate an adjudication of this issue at an early stage in litigation. Under the 'Civil Practice Law and Rules a defendant may precipitate such an adjudication by moving to dismiss. Defendants were accorded this right at an early stage in the development of the Civil Practice Law and Rules. At page 152 of the Second Preliminary Report of the Advisory Committee on Practice and Procedure [1958] it was recommended that subparagraph 2 of proposed rule 31.1(a) (now 3211, subd. [a]) be amended by giving a party the right to move to dismiss on the ground that the court has no jurisdiction “ of the party’s person or of a thing involved in the action”. (See, also, page 187 of the Fourth Preliminary Report [1960] of the same committee.) As is noted above, 3211 (subd. [a], par. 8) of the Civil Practice Law and Rules allows a party to move to dismiss on the ground that “ the court has not jurisdiction of the person of the defendant ’ ’. Thus a defendant may precipitate an early adjudication of a disputed personal service.
Unless there is a provision in the Civil Practice Law and Rules which has escaped this court’s attention it appears that a plaintiff is powerless to precipitate such an early adjudication of this issue.
So in the instant action, where the defendant has chosen not to move to dismiss but instead, has pleaded “ an objection to jurisdiction ” in his answer (pursuant to CPLR 320), the plaintiff is put in the position of having to wait until the trial of the action to find out if his process server did indeed slip a summons under the defendant’s door.
This is a consequence that must be avoided, and to avoid it, the court invokes 104 of the Civil Practice Law and Rules which states that the Civil Practice Law and Rules “ shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding” and holds that plaintiff’s motion is properly made under subdivision (b) of 3211; that a hearing must be held to resolve the issue of fact raised by the papers before the court (3211, subd. [c]). The issue to be tried is, “ Was personal service of the summons made upon Morris Horn? ” Since the issue is triable of right by jury, the defendant shall have 10 days after service of a copy of the order to be entered hereon to demand a jury trial of this issue *991 (CPLR 2218). If the defendant waives a trial by jury the issue is respectfully referred to Honorable Meieb. Steinbbink to determine (CPLR 2218).
In candor, it must be acknowledged that the history of the enactment of the Civil Practice Law and Rules indicates that subdivision (b) of 3211 of that act was not meant to apply to the issue raised by the instant motion. This rule is the Civil Practice Law and Rules counterpart of subdivision 6 of rule 109 of the old Rules of Civil Practice and was enacted, not to resolve disputes over personal service of a summons but to give a party an opportunity to dismiss a defense for legal insufficiency. See page 484 of the Fifth Preliminary Report to the Legislature by the Senate Finance Committee and the Assembly Ways and Means Committee relative to the Revision of the Civil Practice Act, March 22, 1961, Legislative Document (1961), No. 15.
As stated above, this court believes a contention that a summons was not personally served should be resolved at an early stage of a lawsuit. It seems that this early resolution would be accomplished if a defendant were required to raise this issue promptly. At the present time a defendant has the option of moving to dismiss or asserting this defense in the answer. (CPLR 320, subd. [b].) By eliminating the last four words of subdivision (b) of 320, i.e., “ or in the answer ”, a defendant would have to raise the issue by moving to dismiss and so would be required to raise the issue promptly.