■ HAROLD WAPNICK, Respondent, v. H. PUTTERMAN et al., Doing Business as PUTTERMAN, RUSH, SHAPIRO & GOSSMAN, Appellants.— In an action by an employee to recover damages for wrongful discharge, defendants appeal,

as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated June 14, 1971, as, in granting their motion for a protective order, pursuant to CPLR 3103, limited said relief only as to witnesses and directed (1) that each of the defendant partners be examined seriatim upon a weekly schedule and (2) that certain client worksheets be produced and their relevancy be determined by the Justice presiding at Special Term, Part II. Order modified, by (1) striking from the first decretal paragraph the words "to the extent examination is limited to defendants only", which immediately follow the provision that the motion is "granted", and substituting therefor the words "to the extent of limiting the examination before trial to a single defendant partner with knowledge of the facts and who shall be chosen by the partnership, the examination to be held" (at Special Term); (2) striking from the first decretal paragraph the words "on separate dates" and substituting therefor the words "without prejudice to an appropriate application, after the close of the examination, to examine any other persons as the same should appear necessary"; and (3) striking the second decretal paragraph in its entirety. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to appellants. The examination shall proceed at the place set forth in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may fix by stipulation. In our opinion, the examination before trial of the partnership should be limited to a single partner with knowledge of the facts and who shall be selected by the partnership (*Schacht Steel Constr.* v. *Brecher,* 2 A D 2d 967). If it shall appear that the person produced has no knowledge, or inadequate knowledge, or that another partner or employee has more direct knowledge, the court may give further direction, broadening the inquiry to include other persons who will adequately meet the scope of the examination (*Burger* v. *Barnett,* 48 Misc 2d 660, 662). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.