■ MARSHALL, BRATTER, GREENE, ALLISON & TUCKER, Appellant, v FRANCIS MECHNER et al., Respondents.—Order, Supreme Court, New York County, entered March 2, 1976, denying plaintiff's cross motion for a protective order, unanimously reversed, in the exercise of discretion, without costs and without disbursements, and the plaintiff's cross motion for a protective order is granted and the notices of oral examination seeking to depose plaintiff by Messrs. Hirschfeld and Greenfeld are vacated, without prejudice however to an application by defendants for such examination after said defendants have furnished plaintiff with a transcript of the deposition of Charles H. Miller, and upon a showing that Mr. Miller has no knowledge, or inadequate knowledge, as to material facts and that the named persons have that knowledge. The transcript of Mr. Miller's deposition must be furnished not later than 30 days after publication of this decision, if it has not already been done, and any renewal of the motion upon the showing heretofore stated shall be made not later than 30 days after the furnishing of said transcript or 30 days after the publication of this decision, whichever is later. The general rule is that the examination before trial of a partnership "should be limited to a single partner with knowledge of the facts and who shall be selected by the partnership *(Schacht Steel Constr. v. Brecher,* 2 A D 2d 967). If it shall appear that the person produced has no knowledge, or inadequate knowledge, or that another partner or employee has more direct knowledge, the court may give further direction, broadening the inquiry to include other persons who will adequately meet the scope of the examination." *(Wapnick v Putterman,* 38 AD2d 720, 721.)* In the present case, Mr. Miller, a partner of plaintiff partnership, was deposed on November 5, 1975 and the transcript of that deposition had not been furnished to plaintiff at the time of the decision below in February, 1976, nor, so far as we have been informed, at the time of the argument of this appeal May 13, 1976. As the Special Term permitted the statement of readiness to stand (from which no appeal has been taken) further examination, if any, should be held and completed very promptly. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lane, JJ.

■ MARSHALL, BRATTER, GREENE, ALLISON & TUCKER, Respondent, v FRANCIS MECHNER et al., Appellants.—Order, Supreme Court, New York County, entered February 4, 1976, granting reargument and on such reargument referring issues to a Special Referee, is reversed, on the law, and plaintiff's motion for summary judgment is denied, without costs and without disbursements. The presence of issues of fact which led the Special Term to direct a reference requires denial of the motion for summary judgment. Summary judgment is not a provision for an abbreviated trial of material issues of fact but merely a procedure for determining whether there are material issues of fact. Once it is determined that there are such issues of fact, summary judgment must be denied at least as to those material issues of fact. The provision of CPLR 3212 (subd [c]) permitting the court to order an immediate trial of issues of fact raised by a motion for summary judgment "before a referee, before the court, or before the court and a jury, whichever may be proper" does not vest discretion in the court to require the trial of such issues of fact before any type of fact finder other than would be required were there no motion for summary judgment. The

quoted provision is merely a provision for early trial of issues of fact, analagous to CPLR 603. This being an action at law in which a jury trial has been demanded, material issues of fact cannot be referred to a referee for trial. (Cf. CPLR 2218.) In the view we have taken, it thus becomes unnecessary to consider whether the instrument sued upon is an instrument for payment of money only within CPLR 3213. Concur—Markewich, J. P., Lupiano, Silverman and Lane, JJ.; Kupferman, J., would affirm on the opinion of Helman, J., at Special Term.