OPINION OF THE COURT
Joseph Rosenzweig, J.
Plaintiff moves for a jury trial of factual questions that arose during a hearing to determine whether a defense of Statute of Limitations should be equitably estopped. The motion appears to raise questions of first impression in this jurisdiction.
This is an action in negligence to recover for personal injuries arising out of an accident in Maryland, in 1974, between a news truck and an automobile, driven by the *97 defendant Robinson and owned by the defendant Gadsen, in which the plaintiff Marable was a passenger.
Marable alleges the following history: (1) that he and Robinson together retained local counsel to represent them in a Maryland action against the truck driver; (2) that their attorney died and that a second attorney took over the file and settled the case in Robinson’s behalf; (3) that Marable had no share in the settlement; and (4) that the Maryland attorney claims he did not know his predecessor had ever acted for Marable.
The current action was brought by Marable in 1978. Defendant moved to dismiss, raising the Statute of Limitations as an affirmative defense, and plaintiff interposed equitable estoppel as a bar to that defense. As grounds for estoppel, the plaintiff alleged that Robinson, who of the two was the one in contact with Maryland counsel, deceived and misled the plaintiff as to the progress of the case and thus prevented the plaintiff from bringing a timely action of his own.
This court set the matter down for a hearing at Special Term "to determine whether defendant Robinson’s conduct was such as to bar [him] from interposing a defense of statute of limitations on a theory of equitable estoppel.” During the course of the hearing, and after two witnesses had testified, the plaintiff’s attorney requested that the factual questions raised "be determined by a jury at the trial of this action.” All parties agreed to complete the hearing, with decision reserved until this court should decide the motion for a jury trial.
The court derives authority to try an issue of fact raised on a motion from two sections of the CPLR — CPLR 2218, "Trial of issue raised on motion”, and CPLR 3212, "Motion for summary judgment.” CPLR 2218 states, as follows: "The court may order that an issue of fact raised on a motion shall be separately tried by the court or a referee. If the issue is triable of right by jury, the court shall give the parties an opportunity to demand a jury trial of such issue. Failure to make such demand within the time limited by the court, or, if no such time is limited, before trial begins, shall be deemed a waiver of the right to trial by jury.”
CPLR 3212 (subd [c]) provides, in part, for an immediate trial of issues of fact raised in a motion to dismiss under CPLR 3211 (subd [a]) or (subd [b]) "before a referee, before the court, or before the court and a jury, whichever may be proper.” This authority as to a motion to dismiss in fact *98 precedes the CPLR and is similarly codified in rules 107 and 108 of the Rules of Civil Practice. (See, also, Barker v Conley, 267 NY 43, at p 45.)
It is plain from the sections quoted above that, along with the authority to try issues raised on a motion, the court is also empowered to put the issues before a jury where appropriate. Just where it is appropriate to do so is not always clear. This court is convinced, however, that the issues raised here are equitable in nature and that a jury trial on this motion would be improper and is not required under either section of the CPLR.
Plaintiff bases his demand for a jury on Professor David D. Siegel’s Practice Commentaries to CPLR 2218 and 3211 (McKinney’s Cons Laws of NY, Book 7B, CPLR).
Commentary C2218:3 (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, p 129) states, in relevant part, that "if the issue to be tried pursuant to CPLR 2218 is one which can put a permanent end to the case, and the case [sic] is one otherwise triable by jury, trial by jury should be the mode if any party insists.” Commentary C3211:48 (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, p 52) notes that "[i]f the ground of the motion [to dismiss] is such that resolution of the fact issue in favor of the movant will dismiss the case and preclude suit from being brought upon the cause again in New York, a jury trial will be required if either side insists upon it.” The commentary (p 52) goes on to give the grounds that are within this category of motions: "release, res judicata, payment, statute of limitations, etc.”
Plaintiff would argue that the matter before the court is a motion to dismiss in which there are fact issues to resolve, that the case will be brought permanently to an end if the motion is successful, and that the case is otherwise triable by jury. In this way, he would urge, the motion is brought within the ambit of the commentaries and a jury should be available to try the issues.
We recognize that this simple application of Professor Siegel’s commentaries appears, at first, to be appropriate. This court is of the opinion, however, that this reasoning is actually a misapplication.
Turning first to Commentary C3211:48 (ibid.), we note that the ground of the motion to dismiss must raise fact issues *99 whose resolution will end the case. This does not occur in the defendants’ motion in question. The ground of that motion is the running of the Statute of Limitations; as to that, there are no questions of fact. All factual issues are one step removed and pertain to the propriety of the requested equitable relief.
In 1964, a Federal court had occasion to consider estoppel as a bar to the Statute of Limitations in Lowell Wiper Supply Co. v Helen Shop (235 F Supp 640, 646). The court did not specifically address itself to the jury issue, but its assumption that equity jurisdiction rested with the court is relevant: "the sharply disputed contentions present a triable issue whether the alleged non-disclosure, concealment, affirmative misrepresentations, and delaying tactics compel a court of equity, under established New York doctrine of estoppel, to deny the defendants the defense of the statute of limitations.” (Emphasis added.)
Turning next to Commentary C2218:3 (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, p 129), we consider the critical point to be that the issue must be "otherwise triable by jury”. This phrase was intended to apply to the issue, and not to the case, i.e., to the issue raised by the motion and not to the main action.
(We note in passing the Commentary C2218:3 [ibid.], which was quoted by the plaintiff in his memorandum, misstates the statute on this point. Cf. Commentary C3211:48 [Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, p 52], which correctly points out in a reference to CPLR 2218 that the statute directs a jury trial if the “issue”, rather than the case, is triable of right by a jury.)
While negligence, the theory of the main action, would certainly be triable to a jury if the main action is reached, the issue raised by the plaintiff on the motion is whether the defendant’s conduct should give rise to an equitable remedy, that of estoppel. This is a matter for the court to determine. In so concluding, we are guided by CPLR 4101, which states: "In the following actions, the issues of fact shall be tried by a jury * * * except that equitable defenses and equitable counterclaims shall be tried by the court”. This is so "even if the issues raised by the complaint are tried by a jury” (Cunningham & Sullivan, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4101, p 92).
It is doubtful that the Legislature intended to deny a jury in equitable actions and equitable defenses but still to make a *100 jury available to try equitable questions in a defense to a defense.
What, then, is the purpose of providing for a jury trial on a motion to dismiss? As discussed above, the provision goes back to the Rules of Civil Practice. In Finkel v Finkel (8 AD2d 950), it was held that the rule permitting the determination before trial of issues raised in a motion to dismiss must not be construed so as to deprive a party of his right to a trial by jury of any issue as to which such right is guaranteed by the Constitution. The purpose of the provision, then, was to protect the constitutional right to a jury trial. (NY Const, art I, § 2; Herzog v Brown, 217 App Div 402, affd 243 NY 599.)
The Finkel holding is applicable where the issues of the motion are so bound up with those of the main action that deciding the motion would decide issues as to the merits as well — where denial of a jury trial on the motion would effectively compromise the right to a jury trial in the whole action. The Herzog case (supra) is a good example. There the defendant raised the Statute of Frauds as a bar to an action for breach of contract. The plaintiff’s answer set forth a memorandum signed by defendant’s agent. However, the agent’s authority, thus put in issue on a motion to dismiss, was also an issue to be decided by a jury on the main action. Thus a jury was required.
In the case before this court, no issue raised by the plaintiff in his motion remotely compromises the main action, which is one for negligence. If plaintiff is successful, the issues of the main action will be left intact for the jury. If he is unsuccessful, they will not be reached. But there is no way to find that a jury has jurisdiction to determine whether or not, in equity, those issues should be reached.
For the reasons set forth above, we hold that the motion for equitable estoppel was properly tried before the court and plaintiff was not entitled to a jury as of right.
Even if plaintiff had been entitled to a jury, we nevertheless believe that any such right was waived.
It will be remembered that CPLR 2218 provides for a waiver if there is a failure to make a jury demand within the time limited by the court, or if no such time is limited, before trial begins. The statute requires the court to give the parties an opportunity to make their demand. The nature of such opportunity, according to Commentary C2218:3 (Siegel, Practice *101 Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, p 129), is "almost entirely in the court’s discretion.”
The commentary continues (p 130): "If the matter arises in the course of an oral argument of the motion, during which the fact issue becomes plain and the court then and there advises the parties that it plans to order the issue to trial under CPLR 2218, the oral request of either side for a jury should be sufficient to compel it.”
We note that the plaintiff originally set forth his request for equitable estoppel in an affirmation, dated June 26, 1979, submitted as part of his motion to open an earlier default. The motion was noticed for and argued on July 6, 1979. The relief requested and granted as to equitable estoppel was a hearing, which was held on August 22, 1979.
We consider that plaintiff had ample opportunity between June 26 and August 22 to demand a jury.
By his own admission, plaintiff’s attorney did not conceive of the idea of a jury determination until the hearing was in progress; he thus waived any conceivable right to a jury trial. Motion denied.