■ IRIS KENT, Respondent, v WILLIAM A. KENT, Appellant. — Order, Supreme Court, Bronx County (Callahan, J.), dated May 15, 1981, granting plaintiff exclusive possession of the marital abode, is unanimously affirmed, on condition that within 30 days after publication of this decision, plaintiff shall serve and file a note of issue for trial, without prejudice to continuation of disclosure proceedings. If such condition is not timely complied with, the order appealed from is modified, in the exercise of discretion, to the extent of denying plaintiff's application for exclusive possession, and the order is otherwise affirmed. No costs on appeal are awarded to either party. While plaintiff has probably made an adequate showing for interim exclusive possession, we are disturbed by the delays in this case. The case has already been pending for two years and there is no indication that it is likely to come to trial soon as plaintiff contends that she has been thwarted in her efforts to obtain disclosure. Accordingly, our affirmance is conditioned on plaintiff serving and filing a note of issue for trial within 30 days. The reservation of disclosure rights will enable plaintiff to protect her interests, and, if necessary, at the trial, the court can grant further disclosure with appropriate limited adjournments. Concur — Sandler, J. P., Sullivan, Silverman and Lynch, JJ.

■ KANJI TOMIZAWA, Appellant-Respondent, v JUNKO PEARSON, Respondent-Appellant, and JAMES PEARSON et al., Respondents. — Order of the Supreme Court, New York County (A. Tyler, J.), entered June 13, 1980, granting plaintiff-appellant's motion for partial summary judgment, modified, on the law and the facts, to reverse and strike so much of the order as determines the equity interest of the parties, and, otherwise, affirmed, with costs to the plaintiff-appellant. Plaintiff and defendant had each contributed $10,000 to the formation of their company and each held 100 shares with equal voting rights. The order, however, unevenly divided the "equity" interests, giving plaintiff 25% and the defendant 75%, and plaintiff appeals therefrom. Apparently, this determination was made by reason of an additional $20,000 contribution alleged to have been made by the defendant. Whether the $20,000 was a loan to the corporation or for some undefined equity interest is a factual issue requiring trial. The burden on Special Term was not to resolve material issues of fact, but to determine whether such issues existed. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Marshall, Bratter, Greene, Allison & Tucker v Mechner, 53 AD2d 537.) The intentions and actions of the parties are unclear, and therefore, summary judgment must be denied. Concur — Kupferman, J. P., Ross, Silverman, Bloom and Fein, JJ.