VINCENZO CERRATO et al., Appellants, v THURCON CONSTRUCTION CORP. et al., Defendants, and 211 THOMPSON CORP., Respondent.

First Department, March 3, 1983

**APPEARANCES OF COUNSEL**

*Morton Miller* of counsel (*Toberoff & Broome,* attorneys), for appellants.

*Sandra E. Bentley* of counsel (*Howard R. Cohen* with her on the brief; *Bower & Gardner,* attorneys), for respondent.

**OPINION OF THE COURT**

MILONAS, J.

This action concerns a claim for damages arising out of serious injuries purportedly suffered on April 30, 1974 by plaintiff-appellant Vincenzo Cerrato, a laborer, when he fell through an open hoistway of a building then under construction. The owner of the structure was defendant-respondent 211 Thompson Corp., which is alleged to have negligently controlled and supervised the job in progress, thereby causing the accident. Defendant Thurcon Construction Corp. was the general contractor for the building site.

Suit was supposedly commenced against 211 Thompson Corp. on March 31, 1975 by personal service upon a certain Michele Roth whose responsibilities, according to the respondent, were limited to general secretarial duties and who was not authorized to accept service of process. Respondent waited until July of 1977 to interpose an answer, by which time the Statute of Limitations had expired. Extensive discovery proceedings ensued, and it was not until July of 1980 that a note of issue was filed by the appellants, who thereby demanded a jury trial. Subsequently, the matter was temporarily removed from the calendar following the granting of appellants' motion to amend the *ad damnum* clause. Thereafter, appellants moved to strike respondent's affirmative defenses of Statute of Limitations and lack of jurisdiction. Respondent then cross-moved for summary judgment, contending that the court did not have personal jurisdiction, and since the complaint could not be reinstated if it were to be dismissed on jurisdictional grounds, the action was time barred.

Special Term submitted to a referee the issue of whether 211 Thompson Corp. had been properly served and held in abeyance decision on the motion and cross motion pending receipt of the referee's report. Appellants then moved for reargument, asserting that they were entitled to a jury trial regarding the validity of the service. Although the court granted reargument, it adhered to its original ruling. Appellants are herein challenging that determination based largely on the Practice Commentaries to CPLR 3211 by David D. Siegel (McKinney's Cons Laws of NY, Book 7B, CPLR C3211:48, pp 52-53) wherein Professor Siegel states that:

"In allowing immediate trial of a fact issue arising on a 3211 motion, CPLR 3211(c) does not say whether the trial must be by jury. Here CPLR 2218 may be turned to for guidance, but it only directs jury trial if the issue is 'triable of right' by jury, thus begging the question.

"This question turns on three things:

"1. Whether the merits of the case itself would be triable of right by jury;

"2. Whether jury has been demanded; and

"3. The nature of the motion whose fact issue is to be tried.

"If no part of the action itself, such as where it is one in equity, would be triable by jury, no fact issue being tried on any 3211 motion in the case need be tried by jury.

"If the case is triable by jury, such as a law action seeking money, and jury trial has been duly demanded or the time in which to demand it is still open (see CPLR 4102), item #2 on the above list is satisfied and #3 must be negotiated.

"If the ground of the motion is such that resolution of the fact issue in favor of the movant will dismiss the case and preclude suit from being brought upon the cause again in New York, a jury trial will be required if either side insists upon it. See CPLR 2218. Grounds that fall under this category would be release, res judicata, payment, statute of limitations, etc. If the grant of the motion dismissing the case would not prevent suit from being brought again, jury trial of the factual issue is not required. Examples of these grounds would be lack of jurisdiction (personal, rem or subject matter), temporary disability of a party, other action pending (CPLR 3211 [a] [4]), failure to join a party, etc.

"Even on these latter grounds, however, a situation can arise in which jury trial should be granted. If it appears that a dismissal for lack of personal jurisdiction, for example, will take place at such time as would prevent plaintiff from suing anew because of the statute of limitations, see C3211:41, the impact of the dismissal would be permanently to oust the plaintiff from the New York courts and the fact issue on the jurisdictional motion should therefore be tried by jury."

In the instant situation, which clearly involves an action triable by a jury as of right, a finding adverse to the appellants on the issue of jurisdiction would preclude any further proceedings in the case. Therefore, the only question is whether, under these circumstances, the appellants are entitled to a jury trial in connection with a motion to dismiss made pursuant to CPLR 3211.

CPLR 3211 (subd [c]) provides that: "Upon the hearing of a motion made under subdivision (a) or (b), either party

may submit any evidence that could properly be considered on a motion for summary judgment. Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment. The court may, when appropriate for the expeditious disposition of the controversy, order immediate trial of the issues raised on the motion."

According to CPLR 2218: "The court may order that an issue of fact raised on a motion shall be separately tried by the court or a referee. If the issue is triable of right by jury, the court shall give the parties an opportunity to demand a jury trial of such issue. Failure to make such demand within the time limited by the court, or, if no such time is limited, before trial begins, shall be deemed a waiver of the right to trial by jury. An order under this rule shall specify the issue to be tried."

The court's authority to direct an immediate trial of an issue raised on a motion to dismiss precedes adoption of the CPLR and was contained in rules 107 and 108 of the Rules of Civil Practice. In discussing rule 108, the Court of Appeals held that questions of fact which arise in regard to a motion to dismiss the complaint could properly be sent to a jury for trial where the decision might terminate the litigation. The court specifically mentioned the Statute of Limitations, the Statute of Frauds and a general release as examples of questions of fact which, if deemed to apply, would end all further proceedings. (*Barker v Conley,* 267 NY 43.) In *Finkel v Finkel* (8 AD2d 950) the court declared that: "Although rule 108 of the Rules of Civil Practice authorizes the court to direct that questions of fact arising on a motion made pursuant to rule 107 of the Rules of Civil Practice be tried by a jury or referee, the rule may not be construed so as to deprive a party of his right to a trial by jury of any issues as to which such right is guaranteed by the Constitution".

More recently, the First Department, when confronted with the subject of a litigant's right to a trial with respect to an issue of fact asserted in a motion brought under CPLR 3212, which also includes provision for expedited trial, noted that the section "permitting the court to order an immediate trial of issues of fact raised by a motion for

summary judgment 'before a referee, before the court, or before the court and a jury, whichever may be proper' does not vest discretion in the court to require the trial of such issues of fact before any type of fact finder other than would be required were there no motion for summary judgment. The quoted provision is merely a provision for early trial of issues of fact, analogous to CPLR 603. This being an action at law in which a jury trial has been demanded, material issues of fact cannot be referred to a referee for trial." (*Marshall, Bratter, Greene, Allison & Tucker v Mechner,* 53 AD2d 537, 537-538.)

The dissent herein takes the view that the right to a jury trial is contingent upon whether the issue, rather than the nature of the action, is the type which is triable by jury as of right. Thus, a jury trial is appropriate only "where the issues of the motion are so bound up with those of the main action that deciding the motion would decide issues as to the merits as well — where denial of a jury trial on the motion would effectively compromise the right to a jury trial in the whole action." (*Marable v Robinson,* 102 Misc 2d 96, 100.) A contrary interpretation of CPLR 3211 (subd [c]), and the one with which we concur, is that expressed by Professor Siegel in the Practice Commentary. (See, also, *Vazzana v Horn,* 42 Misc 2d 989, and *Calloway v National Serv. Inds.,* 114 Misc 2d 1065, wherein the court initially ordered a jury trial on the defendant's jurisdictional challenge to the complaint therein but subsequently removed the matter from the jury, concluding that under the circumstances of that case, the sufficiency of the service was purely a question of law.)

CPLR 311 provides that:

"Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:

"1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service".

In *Fashion Page v Zurich Ins. Co.* (50 NY2d 265) the Court of Appeals stated that this section should not be construed in a narrow and overly technical manner and

that its purpose was to give the corporation notice of the commencement of a suit. According to the court, "a corporation may assign the task of accepting process and may establish procedures for insuring that the papers are directed to those ultimately responsible for defending its interests. A process server may, of course, always serve the corporate personnel specifically identified in the statute. The corporation however cannot escape the consequences of establishing alternative procedures which it may prefer. In such a case the process server cannot be expected to know the corporation's internal practices. Reliance may be based on the corporate employees to identify the proper person to accept service. In such circumstances, if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained" (at p 272). The court held that whether service was validly effectuated depends upon the particular circumstances of the case. In that respect, a corporation regularly conducting business in New York State cannot complain that the summons was not properly delivered where the process server has visited its offices, made appropriate inquiry of the defendant's own employees and acted according to their instructions.

Therefore, there is, in the present case, a factual dispute as to whether Michele Roth was a person authorized by respondent 211 Thompson Corporation to receive service on its behalf. It is certainly not exceptional for a company to designate a receptionist or secretarial worker to accept service nor is it unknown for a process server to be informed that legal papers should be deposited with the receptionist or secretary. Michele Roth's authority, or lack of it, is a factual matter which can be resolved by a jury and which may combine questions of law. Since a finding adverse to appellants on this subject will terminate all future proceedings in the case, they are entitled to a jury trial.

Consequently, appeal from the order of the Supreme Court, New York County (RYP, J.), entered on June 24, 1982, which held the motion and cross motion in abeyance pending reference of the matter to a referee to hear and report with recommendations, should be dismissed as su-

perseded by the appeal from the order entered on September 3, 1982. Order of the Supreme Court, New York County (Ryp, J.), entered September 3, 1982, which granted leave to reargue and, upon reargument, adhered to its original determination, should be modified, on the law, without costs or disbursements, to the extent of directing a jury trial on the issue of the validity of the service, and otherwise affirmed.

Bloom, J. (dissenting). This case poses the novel question of whether a plaintiff is entitled to a jury trial on the issue of personal service of a summons where the defendant alleged to have been served interposes the defense that service of process was not properly made.

Plaintiff is a construction worker. He was seriously injured when he fell through an open hoistway of a building then under construction at 211 Thompson Street, New York City. The building is owned by defendant 211 Thompson Corp. (211). Thurcon Construction Corp. (Thurcon) was the general contractor in charge of construction. The other defendants, who have defaulted, are alleged to have had some supervisory duties in connection with the construction work. 211 interposed, as an affirmative defense, the claim of no personal jurisdiction. After the Statute of Limitations had expired, plaintiff moved to strike the affirmative defense. 211 cross-moved to dismiss upon the ground that the action was time barred. Special Term referred the issue of service to a referee. Pending receipt of the referee's report the motion and cross motion were held in abeyance. Plaintiff then moved to reargue, contending that he was entitled to a jury trial of the issue. While Special Term granted reargument, it adhered to its original determination. This appeal by plaintiff followed.

In support of his contention that he is entitled to a jury trial as a matter of right, plaintiff relies largely on the Practice Commentaries of Professor Siegel to CPLR 3211. Professor Siegel notes (McKinneys Cons Laws of NY, Book 7B, CPLR C3211:48, pp 52-53):

"If the ground of the motion is such that resolution of the fact issue in favor of the movant will dismiss the case and preclude suit from being brought upon the cause again in

New York, a jury trial will be required if either side insists upon it. See CPLR 2218. Grounds that fall under this category would be release, res judicata, payment, statute of limitations, etc. If the grant of the motion dismissing the case would not prevent suit from being brought again, jury trial of the factual issue is not required. Examples of these grounds would be lack of jurisdiction (personal, rem or subject matter), temporary disability of a party, other action pending (CPLR 3211 [a] [4]), failure to join a party, etc.

"Even on these latter grounds, however, a situation can arise in which jury trial should be granted. If it appears that a dismissal for lack of personal jurisdiction, for example, will take place at such time as would prevent plaintiff from suing anew because of the statute of limitations, see C3211:41, the impact of the dismissal would be permanently to oust the plaintiff from the New York courts and the fact issue on the jurisdictional issue should therefore be tried by jury".

We find some difficulty with the commentary. CPLR 2218 authorizes the court to order that an issue of fact raised on a motion be tried separately. It provides that "[i]f the issue is triable of right by jury, the court shall give the parties an opportunity to demand a jury trial of such issue" (see, e.g., *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379, 381; *Fonda v Paulsen,* 46 AD2d 540, 545). However, the logic of Professor Siegel's commentary would condition a jury trial not on the constitutional right thereto but upon the stage of the proceedings in which the right is asserted. As both *Barrella* and *Fonda* clearly seem to indicate, if the issue to be decided on the motion is an issue which ought to be determined upon a trial, then the right to a jury trial obtains. However, where, as here, the issue to be determined deals with the issue of the right to a trial, we can see no basis for requiring that the question be tried by a jury.

Moreover, the question here involved is one of law rather than one of fact. There is no dispute but that service was, in fact, made. The only question is whether the person so served had actual or apparent authority to accept such service. While determination of the issue may involve the ascertainment of facts, in last analysis the conclusion

required to be reached is one of law. For these reasons we would affirm the holding of Special Term (cf. *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265).

We take this occasion to note that more and more we are being confronted with situations where the claim that the court does not have jurisdiction of the person of defendant (CPLR 3211, subd [a], par 8) is reserved by answer. Motions directed to this objection are not finally resolved until after the Statute of Limitations has expired. Frequently plaintiffs with meritorious claims find themselves out of court, as this plaintiff may be, because the statute permits the claim to be interposed as a defense rather than requiring that the issue be resolved before answer. In these circumstances we think remedial action is appropriate.

SULLIVAN, J. P., and SILVERMAN, J., concur with MILONAS, J.; BLOOM and KASSAL, JJ., dissent in an opinion by BLOOM, J.

Order, Supreme Court, New York County, entered on September 3, 1982, modified, on the law, without costs and without disbursements, to the extent of directing a jury trial on the issue of the validity of the service, and otherwise affirmed. The appeal from the order of said court entered on June 24, 1982, is dismissed as having been superseded by the appeal from the order entered on September 3, 1982. This court, *sua sponte,* grants defendant-respondent leave to appeal to the Court of Appeals and pursuant to CPLR 5713 certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Was the order of this court, which modified the order of the Supreme Court, properly made?"