■ ALBERT B. ASHFORTH, INC., Appellant, v STEPHEN HOUGHTON et al., Respondents. — Order entered September 13, 1984 in Supreme Court, New York County (Burton S. Sherman, J.), granting the motions for summary judgment dismissing the complaint and all cross claims, is reversed, on the law, and the motions are denied, with costs.

In this action for a brokerage commission, plaintiff sues both the prospective sellers and their exclusive agents, in essence alleging that the sale of the cooperative apartment owned by the Houghtons would have occurred but for the failure of performance of one or all of the defendants. Indeed, it seems clear that plaintiffs complied with the real estate "listing" in all material aspects. They produced a prospective buyer for the $1.3 million cooperative who was willing to purchase the 600 shares of the capital stock at the stated price, plus the 2% transfer fee, and take possession immediately. It appears the sale did not go through because the seller and buyer could not agree upon a date of closing and surrender of possession.

While Special Term correctly found that the exclusive brokerage commission agreement between defendants Houghton and the Stribling and Eland defendants (primary brokers) conditioned the earning of a commission upon the actual closing of title, we find an issue of fact as to whether the failure to close was solely the fault of defendants. The record is unclear as to the origin of the condition, stated in the listing as "POSSESSION: Immediate". Apparently plaintiff located a buyer upon the understanding that this was a certainty.

Obviously, we do not look to determine the issue, but only note its existence as a bar to the grant of summary judgment. (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Marshall, Bratter, Greene, Allison & Tucker v Mechner*, 53 AD2d 537.) Concur — Sullivan, J. P., Ross, Carro and Asch, JJ.