■ EDWARD J. MUHL, Superintendent of Insurance of the State of New York, as Liquidator, Respondent, v VESTA FIRE INSURANCE CORP., Appellant. [733 NYS2d 163] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 20, 2000, which, on plaintiff's motion and insofar as appealed, referred the issue of damages owed to plaintiff to a Special Referee to hear and report, unanimously reversed, on the law and the facts, without costs, and plaintiff's motion denied.

Plaintiff is the liquidator of an insurance company which entered into several retrocession agreements, transactions by

which a reinsurer (here, Midland) cedes all or part of its reinsurance policies to another reinsurer (here, defendant). Plaintiff commenced this action claiming that defendant has not paid losses incurred pursuant to those agreements. Plaintiff then moved for summary judgment on one retrocession agreement, Pool III. In opposition to that motion and in an effort to underscore its view of the Pool III agreement, defendant stated that there was no disagreement regarding the existence, terms or conditions of another retrocession agreement, Pool I. Defendant did not admit breaching the Pool I agreement and did not admit liability for any damages. Thereafter, plaintiff moved to sever the Pool I claim and for appointment of a referee to report the amount due plaintiff thereunder. Plaintiff based the request for a reference on defendant's supposed concession of liability.

When a jury trial has been properly demanded, disputed issues of fact cannot be determined by a referee (*Cerrato v Thurcon Constr. Corp.*, 92 AD2d 89, *appeal dismissed* 59 NY2d 763). Plaintiff demanded a jury trial on all issues in his Note of Issue and that demand cannot be withdrawn without consent of defendant unless it will cause no "undue prejudice" to defendant (CPLR 4102 [a], [e]). Defendant did not concede liability under the Pool I agreement and does not consent to withdrawal of the jury demand; therefore, such liability is not an "issue of fact required to be decided by the court" within the meaning of CPLR 4212. Reference of the matter of amounts allegedly owed plaintiff under the Pool I agreement was improper. We have considered the other arguments advanced by plaintiff and they are without merit. Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.