In the Matter of ANA SANTIAGO, Petitioner, v PHILIP L. TOIA, as Commissioner of New York State Department of Social Services, et al., Respondents.

Fourth Department, December 16, 1977

### APPEARANCES OF COUNSEL

*Daniel Pozner* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Charles Genese* of counsel), for Philip L. Toia, respondent.

*Charles G. Finch (Frank Celona* of counsel), for James Reed, respondent.

### OPINION OF THE COURT

MARSH, P. J.

In this article 78 proceeding petitioner seeks to review a determination of respondent Commissioner of the New York State Department of Social Services which affirmed in part a determination of respondent Reed, Director of the Monroe

County Department of Social Services, which latter determination suspended petitioner's public assistance grant.

The notice of the Monroe County Department of Social Services to discontinue petitioner Ana Santiago's public assistance, medical assistance authorization and food stamp authorization dated October 21, 1975, effective October 31, 1975, states as reason for such discontinuance petitioner's failure to provide accurate information with respect to her resources. It specifically alleges that petitioner received an insurance settlement check for the destruction by fire of her 1973 Chevrolet automobile in the amount of $3,736.28. The department determined that this available resource would provide for petitioner at her assistance level for nine and one-half months. A further allegation that petitioner failed to disclose that one Jaime Bernudez was residing with her was later withdrawn by stipulation. The fair hearing summary sent to petitioner which notified her of the scheduled date of the hearing listed as the issue:

"Appellant has an available resource which must be utilized to meet her needs thereby eliminating her need for P. A.

Dept. Reg. 352.16 (a)
        352.23"

At the fair hearing it was submitted on behalf of the Monroe County Department of Social Services that the agency file showed that petitioner obtained a check dated September 26, 1975 from Royal Globe Insurance Company in the amount of $3,736.28 as full compensation for the loss of her automobile by fire. Investigation by the agency indicated that the automobile was originally purchased by one Edwardo Cruz and financed through the Lincoln First Bank of Rochester. Cruz sold the car to petitioner and she took over his payment book with Lincoln First Bank. The balance due on the installment loan at the time of the fire loss was $100 which was paid at the Clinton Branch of Lincoln First Bank on October 3, 1975 by petitioner when she cashed the settlement check. The agency presented a proof of loss form filed with Royal Globe by petitioner and a Department of Motor Vehicle search which indicated that petitioner had a 1973 Chevrolet, license plate number 326 MFB registered in her name.

Jaime Bernudez testified that he purchased the 1973 Chevrolet in question from Edwardo Cruz in December, 1973 by agreeing to take over the installment finance payments after Edwardo Cruz had made only two. Bernudez first registered

the car in his mother's name, Luz Maria Bernudez, for about 10 months in order to save on the insurance cost as he had a bad accident record. About one year after the purchase, he transferred the registration into petitioner's name because his mother did not want eligibility problems with the Department of Social Services. He testified that he made all the payments in the amount of $139 per month to Lincoln First Bank and that none were made by petitioner. The 1973 Chevrolet was destroyed by fire, and Royal Globe Insurance sent the settlement check to petitioner. Petitioner and Bernudez took the check to Lincoln First Bank. At Lincoln First Bank petitioner signed the check over to Bernudez and he left the check overnight with the bank so they could certify its authenticity. Bernudez was given a receipt by the bank manager, John Kelly. A receipt was introduced into the record stating that a Royal Globe Insurance check has been received by John Kelly from Jaime Bernudez in the amount of $3,736.28 dated October 2, 1975. The next day Bernudez returned to the bank and obtained a $1,000 bank draft and the remainder in cash. With this money Bernudez bought a truck for $2,900, paying $1,500 in cash. He also purchased some oriental rugs in New York City with part of the money. He gave no money to petitioner. Petitioner did not accompany him when he returned to get the bank draft and cash. The address on the draft listed Bernudez' address as petitioner's address. He explained that the mail box at petitioner's apartment was safer than the one at his apartment. On cross-examination Bernudez conceded that he had no canceled check to show that he paid any of the car payments, as he always paid in cash.

Petitioner testified with respect to the 1973 Chevrolet that she never had possession of the keys or possession of the registration which bore her name. She had no driver's license and the car was in her name solely to save insurance costs for her friend, Jaime Bernudez, who made all the installment payments to the bank. Her only source of income was $150 received every two weeks from public assistance. She obtained the fire insurance settlement check from Royal Globe Insurance and went to Lincoln First Bank with Jaime Bernudez where she indorsed the check over to him. She obtained no money from the bank or from Jaime Bernudez.

At the close of the hearing counsel for the Monroe County Department of Social Services stated: "the fact is, I do concede she probably did turn the money over to Mr. Bernudez, but

whether Mr. Bernudez is legally entitled to that money is another question". The State Department of Social Services affirmed the determination of the Monroe County Department of Social Services to the extent of requiring the petitioner to repay an overgrant of $3,736.28 through a 10% reduction in her public assistance grant until such overgrant is fully recovered citing 18 NYCRR 348.4 and 352.23 dealing with recovery of assistance wrongfully obtained by an applicant and utilization of available resources to eliminate or reduce the need for public assistance.

A fair reading of the record as a whole does not support the conclusion that the 1973 Chevrolet actually belonged to petitioner Ana Santiago and not her boyfriend, Jaime Bernudez. It was not contradicted that Bernudez placed the insurance and registration for the car in his mother's name for the first 10 months following the purchase from Edwardo Cruz. These facts were revealed to the Monroe County Department of Social Services and they made no attempt to verify whether Jaime Bernudez' mother had owned the vehicle prior to the transfer to petitioner, which fact would have given credence to the contention of petitioner that she merely held legal title to the vehicle and obtained liability and comprehensive insurance as a convenience to Bernudez in order to reduce the premium charge. Contrary to the recitation of facts as stated in the agency packet supporting its original determination to discontinue petitioner's public assistance, petitioner did not cash the settlement check but it was left with the bank after she indorsed it over to Bernudez.

The determination of the Monroe County Department of Social Services affirmed by the New York State Department of Social Services which found that petitioner had an available resource which should have been disclosed and used to reduce her need for public assistance is not supported by substantial evidence. The record supports the conclusion that the equitable owner of the 1973 Chevrolet was Jaime Bernudez.

The determination of respondent Toia should be annulled insofar as it finds an overgrant to petitioner in the amount of $3,736.28 and directs recovery of that amount by reducing her public assistance grants in an amount not to exceed 10% of her needs until full recovery is completed, and otherwise confirmed (see 18 NYCRR 358.20).

DILLON, HANCOCK, JR., DENMAN and WITMER, JJ., concur.

Determination of State Commissioner unanimously modified in accordance with opinion by MARSH, P. J., and, as modified, confirmed, with costs to petitioner.