■ MARK FULATER et al., Appellants-Respondents, v PALMER'S GRANITE GARAGE, INC., Respondent, and CHERYL SCERBO, as Administratrix of the Estate of GARY SCERBO, Deceased, Respondent-Appellant. — Order reversed, without costs, and motion denied. Memorandum: Plaintiffs bring this action to recover damages resulting from an automobile accident occurring October 5, 1980 when a vehicle operated by plaintiff Mark Fulater was involved in a collision with a truck operated by defendant Cheryl Scerbo's intestate, Gary Scerbo. Plaintiffs sued Scerbo's estate and defendant Palmer's Granite Garage, Inc., alleging that Palmer's was the owner of the truck Scerbo was driving. Defendant Palmer's denied ownership. Defendant Scerbo denied information or knowledge sufficient to form a belief as to ownership of the vehicle driven by her intestate, and asserted a cross claim against Palmer's. Thereafter, plaintiffs moved for a partial summary judgment determining that Palmer's was the owner of the truck driven by plaintiff's intestate. Special Term, relying on subdivisions (1) and (2) of section 2-401 of the Uniform Commercial Code, ruled Scerbo was the owner at the time of the accident. The moving papers establish that plaintiff's intestate ordered the truck new from defendant Palmer's Granite Garage on August 25, 1980, apparently for use in his business. The truck was thereafter manufactured by General Motors and delivered to Palmer's on September 24, 1980. Neither the invoice nor any documents of ownership were received by Palmer's at that time and accordingly, the sale to plaintiff's intestate was not consummated. In fact, title to the truck was never transferred to Scerbo and he made no payment towards its purchase. On October 3, 1980, Scerbo contacted Palmer's and asked if he could take the truck for the weekend to pick up some glass required for his business. Apparently as an accommodation to him, Palmer's permitted him to do so. Decedent affixed his dealer's plates to the truck and while he was operating it, the accident occurred. After the accident, Palmer's transferred title to the vehicle to its insurance carrier and collected the insurance proceeds for the property loss. Under these circumstances, there should be a reversal and trial on the issue of ownership. Title to a motor vehicle passes when the parties intend that it pass (*Bornhurst v Massachusetts Bonding & Ins. Co.*, 21 NY2d 581). The provisions of the Uniform Commercial Code should be considered and may be applied to such transactions, but because of the unique problems involving motor vehicle registration and liability, the provisions of the code are not controlling (see *Pugh v Hartford Ins. Group*, 68 Misc 2d 1014, 1016). Generally ownership is in the registered owner of the vehicle or one holding the documents of title but a party may rebut the inference that arises from these circumstances (see *Young v Seckler*, 74 AD2d 155). Affixing license plates may estop an operator from denying ownership (see *Switzer v Merchants Mut. Cas. Co.*, 2 NY2d 575). Neither Palmer's delivery of possession of the truck to Scerbo for the weekend, however, nor Scerbo's act of affixing his dealer's plates are sufficient to resolve ownership in Palmer's favor as a matter of law. Concur — Simons, J. P., Callahan and Doerr, JJ.

Boomer and Moule, JJ., dissent and vote to affirm on the decision at Special Term, Hayes, J. (Appeals from order of Supreme Court, Oswego County, Hayes, J. — purchase of vehicle — ownership.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ. [110 Misc 2d 1003.]