■ In the Matter of ALBA PUNIS, Petitioner, v CESAR PERALES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review (1) so much of a determination of the respondent State Commissioner, dated August 22, 1983, as, upon reversing a determination of the local agency denying petitioner's application for public assistance upon the ground that she had available resources exceeding her resource limit, and remitting the matter to the local agency for a new determination of her application for public assistance, found that petitioner was the legal owner of a 1981 Ford Mustang and had the ability to dispose of it and to use the proceeds therefrom to eliminate the need for public assistance, and (2) a determination of the respondent local Commissioner, dated September 20, 1983, made upon remittal, which again denied petitioner's application for public assistance.

Petition granted to the extent that the determination dated August 22, 1983 is annulled, insofar as reviewed, on the law, without costs or disbursements, and the determination dated September 20, 1983 is annulled, on the law, without costs or disbursements, and the respondents are directed to grant petitioner retroactive benefits to the date of her application for public assistance.

On or about June 9, 1983, petitioner applied to the Nassau County Department of Social Services (hereinafter the local agency) for home relief and medical assistance benefits for herself. On June 16, 1983, the local agency denied petitioner's application for assistance on the basis that petitioner owned a 1980 Ford Pinto and a 1981 Ford Mustang, the combined value of which exceeded the public assistance resource standard (see, 18 NYCRR 352.23 [b]). At the fair hearing to review the denial of petitioner's application for home relief, held on July 20, 1983, the local agency's representative stated the agency's position as follows: "In the agency's DMV [Department of Motor Vehicles] clearance, dated June 9, 1983, it was shown that [petitioner] was the owner of two automobiles, a 1980 Ford Pinto, having a book value of $2,450 and a 1981 Ford Mustang having a book value of approximately $4,250. On June 16, 1983, the agency denied the case as [the] two automobiles have book values of approximately $6,700, and the total resource allowed for her is $2,500".

Although petitioner acknowledged ownership of the 1980 Ford Pinto, she denied ownership of the 1981 Ford Mustang. She testified that the Ford Mustang had been registered in her name by her father for insurance purposes only, and in response to the question, "[w]hose car is it?", petitioner testified, "[m]y sister's—she drives it. It's my father's but my sister drives it". Petitioner further testified that she did not contribute to the down payment or the ongoing payments for the Mustang and that she did not pay for the maintenance of the car. Petitioner's father testified that he purchased the Mustang as a birthday gift for his daughter Paula, so that she could use it to travel to college. He also testified that the car was registered in petitioner's name "because the insurance company said if they put it in my name the rate of insurance will be higher * * * if you put it in [petitioner's] name, I would save money on insurance". Petitioner's father further testified that the ongoing car payments for the Mustang were paid by him, that the insurance coverage was paid by him, and that he paid for the repairs and maintenance on the car. Finally, petitioner's sister testified that she owned and solely used the Mustang her father bought for her. She also testified that her father registered the car in petitioner's name because "[i]t had something to do with the insurance. The insurance rates would be cheaper—be cheaper in her name than mine, than in his or my name".

On August 22, 1983, the State Commissioner rendered a decision after the fair hearing which found that the local agency's determination to deny petitioner's application for home relief was incorrect because it did not request petitioner to prove her equity in the value of the cars. However, the decision found that "the certificate of title is in the name of the [petitioner], as well as the insurance. As such, [petitioner] is the ostensible and legal owner of the vehicle and has the sole right to dispose of the same and proceeds therefrom". On September 20, 1983, petitioner's application was again denied because the "Mustang and Pinto valued * * * as stated on your application [are] above the standards of need established by New York State". Thereafter, petitioner commenced the instant CPLR article 78 proceeding.

The determination that petitioner was the legal and ostensible owner of the 1981 Ford Mustang in that she could dispose of the car and use the proceeds to reduce her need for public assistance was not supported by substantial evidence. Although Vehicle and Traffic Law § 2108 (c) provides that, "A certificate of title issued by the commissioner is prima facie

evidence of the facts appearing on it", petitioner correctly notes that registration of the 1981 Ford Mustang in her name is not conclusive proof of ownership, but can be rebutted (*see, Fulater v Palmer's Granite Garage,* 90 AD2d 685; *Young v Seckler,* 74 AD2d 155; *Fitzpatrick v Bank of New York,* 124 Misc 2d 732, 733; *Matter of Terranova v State of New York,* 111 Misc 2d 1089). The uncontradicted evidence presented on behalf of petitioner at the fair hearing was sufficient to rebut the presumption of ownership contained in Vehicle and Traffic Law § 2108 (c) (*see, Matter of Moroz v D'Elia,* 100 AD2d 622; *Matter of McBride v Blum,* 70 AD2d 595; *Matter of Bryan v Blum,* 70 AD2d 616; *Matter of Santiago v Toia,* 60 AD2d 156; *cf. Matter of Gunn v Blum,* 48 NY2d 58).

We note that the respondents have not raised the defense of failure to exhaust administrative remedies insofar as this proceeding seeks to review the determination of the local Commissioner, dated September 20, 1983, and that, accordingly, that defense was waived (*cf. Matter of Mallard v Dalsheim,* 97 AD2d 545, 547). In any event, exhaustion of administrative remedies is excused because it would have proved futile in this case; petitioner's complaint was with the prior determination of the State Commissioner that she was the owner of the Mustang, and not with the latter determination calculating the amount of equity which her father had in that automobile (*Matter of Kibbe v Scully,* 97 AD2d 795; *Matter of Mallard v Dalsheim, supra; Usen v Sipprell,* 41 AD2d 251, 255-256; *Matter of Cohen v D'Elia,* 55 AD2d 617, 618; *Lesron Junior, Inc. v Feinberg,* 13 AD2d 90). Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.