■ HELEN T. SALISBURY et al., Appellant, v THOMAS D. SMITH, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered April 3, 1985 in Warren County, which denied plaintiffs' motion for summary judgment.

On July 21, 1981, plaintiff Richard A. Salisbury was operating a 1980 Ford Fiesta which sustained extensive damage when it was struck from behind by a car being operated by defendant. This is an action to recover property damage resulting from that accident.

Although there have been prior legal maneuvers undertaken by the parties within this action, the last amended complaint sets forth that plaintiff Helen T. Salisbury was the owner of the Ford Fiesta at the time of the accident and that

the automobile was registered in the name of Richard Salisbury. The complaint asks that the ownership of the vehicle be judicially determined and established by the court and that such owner have judgment against defendant for such damage. In his answer, defendant counterclaimed against Richard Salisbury for contribution. Thereafter, plaintiffs moved for summary judgment seeking, *inter alia,* to have Helen Salisbury declared the sole owner of the vehicle. Defendant opposed the motion with evidentiary proof which created a question of fact as to the true ownership of the vehicle, and Special Term denied plaintiffs' motion. This appeal ensued.

Special Term correctly denied plaintiffs' summary judgment motion. The record reveals that the certificate of title of the subject vehicle is in the name of Helen Salisbury. However, the car was registered in the name of Richard Salisbury and the insurance on the vehicle was also in his name. The certificate of title is not conclusive on the issue of ownership of a vehicle, but rather is prima facie evidence of ownership *(People v Pryor,* 91 AD2d 826). The presumption of ownership arising from the certificate of title is subject to rebuttal and, therefore, summary judgment is not a proper remedy on this record *(see, Fulater v Palmer's Granite Garage,* 90 AD2d 685, *appeal dismissed* 58 NY2d 826). Defendant has adequately demonstrated the existence of questions of fact which will require a trial for resolution *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). We need not discuss the ramifications of the decision as they pertain to the counterclaim.

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.