■ In the Matter of CARL A. VERGARI, as District Attorney

of Westchester County, Respondent, v FRANK KRAISKY et al., Appellants.—In a forfeiture proceeding pursuant to Public Health Law § 3388, the appeal is from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated December 11, 1984, which granted the petition and directed the Commissioner of Motor Vehicles to grant title to the vehicle described as a "1979 Chevrolet Corvette, blue in color, bearing New York registration 3144-AVZ and Vehicle Identification Number 1Z8749S417911", to Carl A. Vergari, as District Attorney of Westchester County.

Judgment affirmed, with costs.

On November 15, 1983, the appellant Anthony Kraisky, (hereinafter Anthony) while in a 1979 Chevrolet Corvette (hereinafter the car) which is the subject of this proceeding, sold a quantity of cocaine to a police officer. Public Health Law § 3388 provides for the forfeiture of a vehicle used to facilitate the sale of any controlled substance unless the owner establishes by a preponderance of the evidence that the use of the vehicle was not intentional on his part. The car in question was registered, and the certificate of title was issued, in the name of Frank Kraisky, Anthony's father. The father claims he is the owner of the car and that he never intended the car to be used in the November 1983 drug transaction.

A certificate of title is prima facie evidence of ownership, but it is not conclusive proof of ownership and it may be rebutted (Matter of Punis v Perales, 112 AD2d 236, 237-238; Fulater v Palmer's Granite Garage, 90 AD2d 685; see also, Young v Seckler, 74 AD2d 155). Here, there was sufficient evidence of Anthony's possessory interest in the car, with its attendant characteristics of dominion and control, to sustain a finding that Anthony was the owner of the car (see, United States v One 1945 Douglas C-54 [DC-4] Aircraft, 604 F2d 27, 28; United States v One 1971 Porsche Coupe Auto., 364 F Supp 745, 748). The record supports Trial Term's finding that the father's contentions to the contrary are inconsistent and unworthy of belief. Since the evidence shows Anthony was the actual owner of the car, his father's knowledge of the car's use is not relevant.

Even assuming, arguendo, that Frank Kraisky was the owner of the car, he did not prove by a preponderance of the evidence that he had not intentionally permitted the car to be used in the drug transaction. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.