■ MARY L. SOSNOWSKI, Individually and as Administratrix of the Estate of BRIAN SOSNOWSKI, Deceased, Appellant-Respondent, v NICKOLAS KOLOVAS et al., Defendants. BISTRO'S MANAGEMENT CORP. et al., Respondents-Appellants, and LINDA BROWN, Respondent. (Action No. 1.) JAMES J. MCCARTHY, JR., as Administrator of the Estate of JAMES J. MCCARTHY, III, Deceased, Appellant, v NICKOLAS KOLOVAS et al., Defendants, and LINDA BROWN, Respondent. (Action No. 2.) KATHERINE A. KNIGHT, as Administratrix of the Estate of PATRICIA M. ALLABOUGH, Deceased, Appellant-Respondent, v NICKOLAS KOLOVAS, Defendant. BISTRO'S MANAGEMENT CORP. et al., Respondents-Appellants, and LINDA BROWN, Respondent. (Action No. 3.) (And a Third-Party Action.)—In negligence actions, inter alia, to recover damages for the wrongful deaths of the plaintiffs' decedents, the plaintiffs Mary Lou Sosnowski, James J. McCarthy, Jr., and Katherine A. Knight separately appeal, and the defendants, Bistro's Management Corp., Steve Roberts and Gerald L. Gerariello, Jr., cross-appeal, from an order of the Supreme Court, Nassau County (Roberto, J.), entered October 15, 1986, which, after a hearing, granted the defendant Linda Brown's motion for summary judgment dismissing each of the plaintiffs' complaints and cross claims as asserted against her.

Ordered that the order is reversed, on the law, and the motion for summary judgment is denied; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for an immediate jury trial limited to the issue of the ownership of the vehicle in question; and it is further,

Ordered that one bill of costs, payable by the respondent Linda Brown, is awarded to the plaintiffs, Mary Lou Sosnowski and Katherine A. Knight, and the defendants, Bistro's Management Corp., Steve Roberts and Gerald L. Gerariello, Jr., appearing separately and filing separate briefs.

The instant wrongful death actions arose out of an automobile collision which occurred on May 5, 1984, and which resulted in the deaths of the plaintiffs' decedents. Each of the complaints sought recovery from the defendants Nickolas Kolovas, the operator of one of the vehicles involved in the accident, and Linda Brown, the alleged owner of the same vehicle. After issue was joined in each action, the Supreme Court, Nassau County (Burke J.), ordered a joint trial of the actions. The defendant Linda Brown subsequently moved for summary judgment dismissing all claims and cross claims as asserted against her on the ground that she was not the owner of the vehicle on the date of the collision. In support of the motion, she averred that she had sold the automobile in question to the defendant Nickolas Kolovas, her cousin, a few weeks prior to the accident. The motion papers also included documentary evidence indicating that the alleged sale of the automobile had occurred on April 14, 1984, and that the defendant Kolovas had obtained insurance on the vehicle prior to the accident. Affirmations submitted in opposition to the motion maintained that the defendant Brown was the owner of the automobile on the date of the collision, and included a vehicle title record from the New York State Department of Motor Vehicles which demonstrated that the movant was still listed in that department's records as the holder of the title to the vehicle as of December 6, 1984, some seven months after the accident.

The Supreme Court, Nassau County (Roberto, J.), then ordered that a hearing be held on the issue of ownership. Prior to the commencement of testimony, counsel for one of the plaintiffs expressed the desire that any factual issues concerning the ownership question should ultimately be resolved by a jury. In response, the court stated that if triable issues of fact were found to exist, then the motion for summary judgment would be denied and the ownership issue would be put before a jury in the trial of the wrongful death actions. After the conclusion of the hearing, the court issued a decision finding that the defendant Brown was not the owner of the vehicle at the time of the collision and that no triable issues of fact had been raised to rebut her testimony as to the sale of the automobile to the defendant Kolovas on April 14, 1984. The court then granted summary judgment in the defendant Brown's favor. We now reverse.

We agree with the contention of the several appellants that they were entitled to a jury determination of the ownership issue. Initially, this contention has been preserved for appel-

late consideration by counsel's request for a jury determination of any factual issues and the trial court's statement to counsel that any such issues of fact concerning ownership would be submitted to a jury at a trial on the merits of the wrongful death actions. Furthermore, we conclude, contrary to the stated findings of the court, that such triable issues of fact were raised by the plaintiffs, for the vehicle title record submitted in opposition to the motion constitutes prima facie evidence of the defendant Brown's ownership of the vehicle (see, Vehicle and Traffic Law § 2108 [c]). This presumption of ownership is not conclusive, and may be rebutted by evidence which demonstrates that another individual owned the vehicle in question (see, Matter of Vergari v Kraisky, 120 AD2d 739; Salisbury v Smith, 115 AD2d 840; Matter of Punis v Perales, 112 AD2d 236; Fulater v Palmer's Granite Garage, 90 AD2d 685, appeal dismissed 58 NY2d 826; Young v Seckler, 74 AD2d 155). The question of whether the defendant Brown's evidence of her sale of the vehicle was sufficient to rebut this presumption was one of fact to be resolved by a jury (see generally, Bornhurst v Massachusetts Bonding & Ins. Co., 21 NY2d 581; Salisbury v Smith, supra; Fulater v Palmer's Granite Garage, supra; Young v Seckler, supra). Indeed, the court's act of ordering an immediate trial of the ownership question constituted an implied recognition of the existence of factual issues. The court was clearly empowered to order an immediate trial on the issue of ownership since the defendant Brown's motion for summary judgment was based upon documentary evidence (see, CPLR 3211 [a] [1]; 3212 [c]), and it did not abuse its discretion in doing so (see generally, Brown v Micheletti, 97 AD2d 529). However, despite its aforementioned statement to counsel, the court then proceeded to resolve the factual dispute concerning whether the defendant Brown had complied with Vehicle and Traffic Law § 2113, as well as substantial questions raised as to the credibility of the trial witnesses, while erroneously stating that there were no issues which necessitated a jury trial. Hence, under these circumstances, and in light of counsel's request for a jury determination, the plaintiffs were entitled to a jury resolution of the factual issues raised in the motion papers and at the hearing (see, CPLR 3212 [c]; cf., Cerrato v Thurcon Constr. Corp., 92 AD2d 89, appeal dismissed 59 NY2d 763; Barrella v Richmond Mem. Hosp., 88 AD2d 379, 381; Marshall, Bratter, Greene, Allison & Tucker v Mechner, 53 AD2d 537). The ownership issue should therefore be immediately tried before a jury. Niehoff, J. P., Lawrence, Rubin and Sullivan, JJ., concur.