■ MOHAMMED NAGIB, an Infant, by His Mother and Natural Guardian, MUYASSAR NAGIB, et al., Respondents, v FRANCISCA TOLETTE-VELCEK, Appellant, et al., Defendants.—In an action to recover damages for medical malpractice, the defendant Francisca Tolette-Velcek appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated April 21, 1986, which, after a hearing, granted the plaintiff's motion to dismiss her affirmative defense of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The sole issue at the hearing was whether or not the defendant Dr. Tolette-Velcek was personally served with process at her home in Englewood, New Jersey, on February 16, 1985. The process server, an officer in the Process Division in

the Sheriff's office in Bergen County, testified that he appeared at Dr. Tolette-Velcek's home on the day in question and served her with a copy of the summons and complaint. Moreover, after refreshing his recollection with the affidavit of service, which was recorded contemporaneously with service, the process server offered a description of the individual served. This description more closely resembled that of Dr. Tolette-Velcek than her mother, who testified that she was the person served with process on February 16, 1985.

The court determined that Dr. Tolette-Velcek was personally served with process on the day in question. Inasmuch as this determination was made with the opportunity to observe the witnesses' demeanor, it is entitled to great deference and will not be disturbed unless against the weight of the credible evidence (see, Altman v Wallach, 104 AD2d 391, 392). We find that the court properly credited the testimony of the process server because the description of the person served more closely matched that of Dr. Tolette-Velcek and it was recorded contemporaneously with service (see, Old Colony Furniture Co. v Fiegoli, 97 AD2d 790). Thus, under the circumstances, the court correctly held that Dr. Tolette-Velcek was personally served with process on February 16, 1985. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.