■ In the Matter of Donald O. Chesworth, as Superintendent of the New York State Police, Appellant, v David C. Block et al., Respondents.—In a forfeiture proceeding pursuant to Public Health Law § 3388, the appeal is from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), entered September 28, 1987, which dismissed the petition and directed that the vehicle be returned to the respondents.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court,

Suffolk County, for a hearing limited to the affirmative defense interposed by the respondent, Hyman Block, pursuant to Public Health Law § 3388 (6).

The respondent David Block was indicted on four counts of sale and possession of controlled substances. He pleaded guilty to criminal sale of a controlled substance in the second degree, a class A-II felony, in full satisfaction of the indictment. It is uncontested that the actual sale of cocaine took place in the police undercover vehicle and the money used to purchase the drugs and more cocaine were recovered from the respondent's passenger at the time of arrest. The record reveals that the undercover officer had arranged the meeting with Block, from whom he had previously purchased cocaine. Block and the passenger traveled in the subject vehicle to a prearranged meeting place to deliver the cocaine to the undercover officer.

Public Health Law § 3388 (1) provides for forfeiture of a vehicle which is unlawfully used to:

"(a) transport, carry, or convey any controlled substance in, upon, or by means of [the] vehicle * * * or

"(b) conceal or possess any controlled substance in or upon [the] vehicle * * * or upon the person of anyone in or upon any vehicle * * * or

"(c)* * * to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, or sale of any controlled substance".

The language of the statute is sweeping and clear. Its purpose, to discourage the use of vehicles in illegal drug trafficking, is salutary *(see, Matter of Henry v Alquist,* 127 AD2d 60). Therefore the language should be given its plain and ordinary meaning; the actions of Block fall within those envisaged by the statute.

The respondent Hyman Block, David Block's father, claims he is the actual owner of the vehicle and that he never intended it to be used in the drug transaction *(see,* Public Health Law § 3388 [6]). The vehicle was registered and the certificate of title was issued in the name of Hyman Block. A certificate of title is prima facie evidence of ownership but is not conclusive proof *(Matter of Vergari v Kraisky,* 120 AD2d 739). The question of whether David Block's use of the vehicle and his admission to the undercover police officer that he had purchased the vehicle establishes his ownership in rebuttal of the title certificate must be resolved by the trier of fact. Therefore we direct that a hearing be held on this issue *(see, Sosnowski v Kolovas,* 127 AD2d 756).

Finally, we find that this forfeiture proceeding is not barred by the 10-day time limitation since the Attorney-General was not served as provided for in the statute (see, Public Health Law § 3388 [4]). Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.