■ ARNOLD McCRAY, as Administrator of the Estate of ANN McCRAY, Deceased, Appellant, v ANTHONY PETRINI et al., Respondents. [622 NYS2d 815] —In a medical malpractice action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated July 16, 1993, which, after a hearing to determine whether service of process had been properly made upon the defendant Anthony Petrini, granted Anthony Petrini's motion to dismiss the complaint insofar as it is asserted against him for failure to obtain personal jurisdiction over him.

Ordered that the order is affirmed, with costs.

It is well-established that CPLR 308 (2) requires strict compliance and that the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made *(see, Foster v Cranin,* 180 AD2d 712; *Frankel v Schilling,* 149 AD2d 657; *Brownell v Feingold,* 82 AD2d 844). In this case, the hearing court was presented with a pure credibility question with reference to (1) whether the process server personally served a natural person of suitable age and discretion at the appellant's actual place of business, and (2) whether the process server properly addressed the envelope used in effectuating the mailing aspect of the service *(see,* CPLR 308 [2]). The hearing court resolved this credibility question against the process server, finding that the plaintiff had failed to effectuate proper service on the appellant. The hearing court's credibility determination is entitled to substantial deference on appeal *(see, Avakian v De Los Santos,* 183 AD2d 687; *Nagib v Tolette-Velcek,* 133 AD2d 72) and will not be disturbed unless it is against the weight of the credible evidence *(see, Nagib v Tolette-Velcek, supra).* On this record,

we find no basis to disturb the hearing court's determination. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.