■ NEDELKA EVERING et al., Respondents, v BRONX CHRYSLER PLYMOUTH, INC., et al., Appellants, et al., Defendants. [652 NYS2d 531] —In an action to recover damages for personal injuries, the defendants Bronx Chrysler Plymouth, Inc., and Bronx Auto Rental, Inc., d/b/a Bronx Chrysler Plymouth DRAC, Inc., appeal from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated October 20, 1995, as, after a hearing (DeMatteo, J.H.O.), denied their motion to vacate an ex parte order of the same court (Moskowitz, J.), dated June 11, 1993, finding them in default in answering and directing an assessment of damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Judicial Hearing Officer who conducted the hearing was presented with a question of credibility with respect to whether or not the appellants were served with the summons and complaint. He determined that question in favor of the plaintiffs and concluded that proper service had been effectuated upon the appellants.

It is well settled that the determination of the trier of fact at a hearing is entitled to substantial deference on appeal (*see, Avakian v De Los Santos,* 183 AD2d 687; *Nagib v Tolette-Velcek,* 133 AD2d 72) and will not be disturbed unless it is against the weight of the credible evidence (*see, Nagib v Tolette-Velcek, supra; McCray v Petrini,* 212 AD2d 676). On the record before us, we find no reason to disturb the determination in question.

Accordingly, the Supreme Court properly denied the appellants' motion to vacate their default since they failed to demonstrate that it was excusable (*see,* CPLR 5015 [a]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138).

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Thompson, Pizzuto and Santucci, JJ., concur.