■ CHRISTOTHEA DORIZAS, Respondent, v ISLAND INSULATION CORP. et al., Defendants, KENNY'S FLEET MAINTENANCE, INC., et al., Respondents, and MODE PLASTICS, INC., et al., Appellants. [678 NYS2d 388] —In an action to recover damages for personal injuries, the defendants Mode Plastics, Inc., and S.O. Textile Co., Inc. a/k/a S.O. Textiles Co., Inc., appeal from (1) an order of the Supreme Court, Kings County (Yoswein, J.), dated May 21, 1996, which, inter alia, granted the plaintiff's motion to vacate a decision of the same court, dated November 17, 1994, (2) a transcript of the same court (Schneier, J.), dated August 7, 1996, and (3) an order of the same court (Schneier, J.), dated March 13, 1998, which, after a hearing, denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from the order dated May 21, 1996, is dismissed (see, Behrens v Behrens, 143 AD2d 617); and it is further,

Ordered that the appeal from the transcript dated August 7, 1996, is dismissed, as the transcript is not a paper from which an appeal can be taken (see, Ojeda v Metropolitan Playhouse, 120 AD2d 717; CPLR 5512 [a]); and it is further,

Ordered that the order dated March 13, 1998, is reversed, on the facts, the cross motion is granted, the complaint and all

cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

On December 31, 1987, the plaintiff allegedly was struck by a vehicle while walking across a street. She brought the instant action against, among others, the defendants Mode Plastics, Inc., a subsidiary of the appellant S.O. Textile Co., Inc., a/k/a S.O. Textiles Co., Inc. (hereinafter collectively Mode, or the appellants), to recover damages for personal injuries, and alleged, *inter alia*, that the appellants owned the subject vehicle. The appellants denied that allegation and cross-moved for summary judgment on the ground that they did not own the subject vehicle on the date of the accident.

Ultimately, a hearing was ordered on the issue of whether the appellants owned the subject vehicle on the date of the accident. Following the hearing, the Supreme Court found that Mode did own the vehicle on that date, and denied the appellants' cross motion for summary judgment. We reverse.

The plaintiff's evidence at the framed-issue hearing demonstrated that the certificate of title issued by the New York State Department of Motor Vehicles listed Mode as the owner of the subject vehicle. This clearly "constitutes prima facie evidence of [Mode's] ownership of the vehicle (*see*, Vehicle and Traffic Law § 2108 [c])" (*Sosnowski v Kolovas*, 127 AD2d 756, 758). However, "[t]his presumption of ownership is not conclusive, and may be rebutted by evidence which demonstrates that another individual owned the vehicle in question" (*Sosnowski v Kolovas, supra*, at 758; *see, Matter of Vergari v Kraisky*, 120 AD2d 739; *Salisbury v Smith*, 115 AD2d 840, 841).

On the back page of the certificate of title for the subject vehicle, in the space provided for the transfer of ownership, it is indicated that Mode transferred ownership of the subject vehicle to the defendant Island Insulation Corp. (hereinafter Island Insulation). Although the space for the date of the transfer was left blank, the appellants presented evidence at the hearing that it had occurred in September 1987.

Kenneth Lorenz, owner of the defendant Kenny's Fleet Maintenance, Inc., testified that he had performed work on the subject vehicle in 1987. However, Rudy Fritzhand, the president of Mode, refused to pay for the work and asked Lorenz if he could find a buyer for the subject vehicle. Lorenz found John Matthews, the owner of the defendant Island Insulation. Matthews agreed to pay $1,000 for the subject vehicle, $500 of

which was to be paid to Lorenz and $500 to Mode. After paying $500 to Lorenz, Matthews went to get the title to the vehicle from Fritzhand. He returned to Lorenz's shop about an hour later, and Lorenz received a telephone call from Fritzhand. Fritzhand told Lorenz that he had signed the subject vehicle over to Matthews and that Matthews could take it. Matthews then took license plates from another vehicle and placed them on the subject vehicle before driving it away. According to Lorenz, these events occurred at the end of the summer or in September 1987.

While we are mindful of the substantial deference to which the determination of the hearing court is entitled on appeal (*see, Evering v Bronx Chrysler Plymouth,* 234 AD2d 586; *Matter of Kaplan v Werlin,* 215 AD2d 387, 388), we find that the court's determination in the instant case is against the weight of the credible evidence. Lorenz's uncontradicted testimony established that Mode sold the subject vehicle to Island Insulation in or around September 1987, more than three months prior to the accident.

"Title to a motor vehicle passes when the parties intend that it pass (*Bornhurst v Massachusetts Bonding & Ins. Co.,* 21 NY2d 581)" (*Fulater v Palmer's Granite Garage,* 90 AD2d 685). In the instant case, the credible evidence at the evidentiary hearing established that Island Insulation had "possessory interest in the [vehicle], with its attendant characteristics of dominion and control" on the date of the accident, and therefore, the presumption of ownership raised by the certificate of title was rebutted (*Matter of Vergari v Kraisky, supra,* at 740). O'Brien, J. P., Ritter, Thompson and Friedmann, JJ., concur.

Goldstein, J., concurs in part and votes to dismiss the appeals from the order dated May 21, 1996, and the transcript dated August 7, 1996, but dissents in part and votes to affirm the order dated March 13, 1998, with the following memorandum: At the hearing on whether the appellants had sold the subject vehicle prior to the accident, the plaintiff demonstrated that the certificate of title issued by the New York State Department of Motor Vehicles listed the appellant Mode Plastics, Inc. (hereinafter Mode), as the owner of the subject vehicle. As the majority notes, this clearly "constitutes prima facie evidence of [Mode's] ownership of the vehicle (*see,* Vehicle and Traffic Law § 2108 [c])" (*Sosnowski v Kolovas,* 127 AD2d 756, 758).

To rebut the presumption of ownership, the appellants relied upon the testimony of Kenneth Lorenz of the defendant Ken-

ny's Fleet Maintenance, Inc. (hereinafter Kenny), which held a lien for the cost of repairs to the subject vehicle. The lien was purportedly satisfied from the proceeds of the sale of the subject vehicle.

The plaintiff initially alleged that Kenny owned the subject vehicle at the time of the accident, based upon a handwritten note on the lien indicating that the certificate of title was turned over to Kenny. Although the plaintiff abandoned that claim for lack of evidence to support it, Lorenz cannot be considered a disinterested witness.

Lorenz admitted that he did not see the transfer of title from Mode to Island Insulation Corp. (hereinafter Island Insulation), but relied upon the statement of Mode's president over the telephone that Mode had signed the subject vehicle over to Island Insulation, so Island Insulation could take it. There were no license plates on the subject vehicle at the time of the purported transfer. Lorenz observed Island Insulation's employees take plates off another vehicle, put them on the subject vehicle, and drive off. Lorenz had "no idea" when these events occurred, but assumed "[i]t wasn't winter yet" because everyone was wearing short-sleeved shirts. After his recollection was "refresh[ed]", Lorenz testified that the *lien for the cost of repairs* was placed on the subject vehicle in September 1987.

The appellants also called as a witness one of their own employees, who testified that he cancelled the insurance on the subject vehicle prior to the accident, and further testified that in order to cancel insurance "[y]ou'd have to turn in the plates, get an FS6 from the Department of Motor Vehicles and submit the FS6 to your insurance broker". The witness further testified that this was done in this case but did not produce the "FS6" form or any other documentation to support his testimony that the license plates were turned in to the Department of Motor Vehicles. The insurance was, in fact, cancelled prior to the accident. An endorsement from the appellants' insurance broker stated that the insurance was cancelled because the subject vehicle was sold. However, there was no testimony from the broker as to what evidence, if any, it relied upon in determining that the subject vehicle was sold.

Thus, it appears that the so-called evidence of transfer of title prior to the accident was based upon hearsay and self-serving testimony. As the majority notes, substantial deference must be given to the determination of the hearing court (*see, Evering v Bronx Chrysler Plymouth,* 234 AD2d 586; *Matter of Kaplan v Overlin,* 215 AD2d 387, 388). The hearing court's determination that the appellants failed to meet their burden of

rebutting the presumption of ownership is clearly justified by the absence of any documentary evidence in support of their claim, and their failure to present competent and credible oral testimony. Indeed, there is no documentary evidence that the parties complied with any of the statutory requirements for transfer of title of a vehicle (*see,* Vehicle and Traffic Law §§ 420, 2113).

Although "[t]itle to a motor vehicle passes when the parties intend that it pass (*Borhurst v Massachusetts Bonding & Ins. Co.,* 21 NY2d 581)" (*Fulater v Palmer's Granite Garage,* 90 AD2d 685), it does not follow that the hearing court is legally bound by the self-serving testimony of an interested party as to when title was transferred. It is well settled that the question of the credibility of witnesses should be left to the trier of the facts (*see, Sacher v Long Is. Jewish-Hillside Med. Ctr.,* 142 AD2d 567).