**■ GREENPOINT SAVINGS BANK, Respondent, v INDIRA PATEL, Appellant.** [699 NYS2d 287] —In a mortgage foreclosure action, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated May 8, 1997, which, after a hearing to determine whether service of process had been properly made upon her, denied her motion, in effect, to vacate a judgment of foreclosure and sale, dated September 20, 1996, entered upon her default in answering the complaint.

**■ GREENPOINT SAVINGS BANK, Respondent, v INDIRA PATEL, Appellant.** [699 NYS2d 288] —In a mortgage foreclosure action, the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated February 6, 1998, which, after a hearing to determine whether service of process had been properly made upon her, denied her motion, in effect, to vacate a judgment of foreclosure and sale dated October 21, 1996, entered upon her default in answering the complaint.

Ordered that the order is affirmed, with costs.

The hearing court was presented with a credibility question as to whether the appellant was properly served with process in accordance with the requirements of CPLR 308 (2). The court determined that question in favor of the plaintiff and concluded that proper service had been effectuated.

It is well settled that the determination of the trier of fact at a hearing is entitled to deference on appeal (*see, Avakian v De*

*Los Santos,* 183 AD2d 687; *Nagib v Tolette-Velcek,* 133 AD2d 72) and will not be disturbed unless it is against the weight of the credible evidence (*see, Evering v Bronx Chrysler Plymouth,* 234 AD2d 586; *McCray v Petrini,* 212 AD2d 676). On this record, we find no basis to disturb the hearing court's determination. O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.