On September 1, 2006, a 15-passenger van driven by the defendant Jin-Liang Liu, which was en route from New York to North Carolina, spun out of control, hit a guardrail, and flipped over on Interstate Route 95 in Virginia, causing the death of at least one passenger and injuries to other passengers. The plaintiffs, including a passenger injured as a result of the accident and the representatives of the estate of another passenger who died as a result of his injuries, commenced this action to recover damages for, inter alia, personal injuries and wrongful death. After discovery, the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability against the defendant Sky Express, Inc. (hereinafter Sky Express). The plaintiffs contended that Sky Express was liable on the grounds that, at the time of the accident, it was both Jin-Liang Liu’s employer and the lessee of the van. The Supreme Court granted that branch of the plaintiffs’ cross motion,, and Sky Express appeals. We reverse the order insofar as appealed from.
Pursuant to Vehicle and Traffic Law § 388, subject to certain exceptions not applicable here, an owner of a vehicle is vicariously liable for the negligent use or operation of such vehicle by anyone operating the vehicle with the owner’s express or implied consent. For purposes of the Vehicle and Traffic Law, a lessee of a vehicle “having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days” is an “owner” of that vehicle (Vehicle and Traffic Law § 128; see GE Capital Auto Lease v Allstate Ins. Co., 281 AD2d 456, 457 [2001]). The plaintiffs established, prima facie, that Sky Express was the owner of the subject van for purposes of the Vehicle and *709 Traffic Law by submitting, inter alia, records of the North Carolina Division of Motor Vehicles, which listed Sky Express as the lessee of the van, and photographs of the van which showed that the words “Sky Express” and the contact information for Sky Express were written on the van’s exterior (see Aronov v Bruins Transp., 294 AD2d 523, 524 [2002]; Dorizas v Island Insulation Corp., 254 AD2d 246, 247 [1998]; O’Neill v Habberstad Leasing, 216 AD2d 256, 256-257 [1995]; Sosnowski v Kolovas, 127 AD2d 756, 758 [1987]). To rebut this showing, Sky Express alleged that, while it previously leased the van, the lease was terminated on May 10, 2006, prior to the accident. In support, Sky Express submitted evidence, including a bill of sale and its president’s affidavit, which raised a triable issue of fact as to whether it owned the van within the meaning of the Vehicle and Traffic Law at the time of the accident (see Aronov v Bruins Transp., 294 AD2d at 524; Sosnowski v Kolovas, 127 AD2d at 758).
Additionally, Sky Express submitted evidence sufficient to raise a triable issue of fact as to whether it was Jin-Liang Liu’s employer at the time of the accident. Sky Express submitted evidence showing that its vice president was not acting on its behalf when he hired Jin-Liang Liu to drive the subject van. While the plaintiffs assert that the evidence submitted by Sky Express was not credible, “ ‘[i]t is not the court’s function on a motion for summary judgment to assess credibility’ ” (Silva v FC Beekman Assoc., LLC, 92 AD3d 754, 756 [2012], quoting Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; see Brown v Kass, 91 AD3d 894, 895 [2012]; Polvino v Island Group Admin., 264 AD2d 720, 721 [1999]).
Accordingly, the Supreme Court should have denied that branch of the plaintiffs’ cross motion which was for summary judgment on the issue of liability insofar as asserted against Sky Express. Rivera, J.E, Dickerson, Hall and Cohen, JJ., concur.