# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**79**

**CA 12-01274**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

ROBERT K. MONETTE AND SHARON M. MONETTE,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

CHRISTINA L. TRUMMER, ET AL., DEFENDANTS,
JIM BALL PONTIAC-BUICK-GMC, INC. AND JIM BALL
HOLDINGS, LLC, DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF DESTIN C. SANTACROSE, BUFFALO (CHRISTOPHER R. TURNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

DWYER, BLACK & LYLE, LLP, OLEAN (KEVIN M. HABBERFIELD OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered September 29, 2011 in a personal injury action. The order denied the motion of defendant Jim Ball Pontiac-Buick-GMC, Inc. for summary judgment dismissing the complaint and all cross claims against it.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted, and the complaint and all cross claims against defendant Jim Ball Pontiac-Buick-GMC, Inc. are dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert K. Monette (plaintiff) when a parked vehicle in which he was seated was rear-ended by a vehicle owned by defendant Jesse L. Ball and operated by defendant Christina L. Trummer. Trummer had borrowed the vehicle from her boyfriend, defendant David Leederman, who in turn had been loaned the vehicle by Jim Ball Pontiac-Buick-GMC, Inc. (defendant) while defendant was servicing Leederman's pickup truck. In the complaint, as amplified by the bill of particulars, plaintiffs assert, inter alia, that defendant is vicariously liable under Vehicle and Traffic Law § 388 as a co-owner of the vehicle involved in the accident. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint and all cross claims against it. We reverse.

On the date of the accident, Leederman brought his pickup truck to defendant for servicing, and defendant agreed to loan Leederman a vehicle while it repaired his truck. Defendant owned four or five "loaner vehicles," but those vehicles were all with other customers at

that time. After Leederman was unable to rent a vehicle from a nearby rental company, defendant's chief financial officer asked Jesse Ball, an employee of defendant and the daughter of defendant's owner, James Ball, whether she would be willing to permit Leederman to use her vehicle while his truck was being serviced. She agreed, and Leederman signed a "rental agreement" with defendant. Later that evening, Leederman allowed Trummer to drive Jesse Ball's vehicle to work, whereupon the subject accident took place.

Pursuant to Vehicle and Traffic Law § 388, an owner of a motor vehicle is vicariously liable for the negligent use or operation of such vehicle by anyone operating the vehicle with the owner's express or implied permission (see § 388 [1]; *A Dan Jiang v Jin-Liang Liu*, 97 AD3d 707, 708; *Vyrtle Trucking Corp. v Browne*, 93 AD3d 716, 717; *Mikelinich v Caliandro*, 87 AD3d 99, 102). The term "owner" is defined as "[a] person, other than a lien holder, having the property in or title to a vehicle . . . The term includes a person entitled to the use and possession of a vehicle . . . subject to a security interest in another person and also includes any lessee or bailee of a motor vehicle . . . having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days" (§ 128; see § 388 [3]).

We agree with defendant that it established as a matter of law that it was not the owner of the vehicle involved in the motor vehicle accident at issue, and that plaintiffs failed to raise a triable issue of fact with respect to ownership of that vehicle. Plaintiffs concede that Jesse Ball, not defendant, was the titleholder of the vehicle (see *Zegarowicz v Ripatti*, 77 AD3d 650, 652; *Them-Tuck Chung v Pinto*, 26 AD3d 428, 429). Plaintiffs further concede that defendant did not "hav[e] the exclusive use [of the vehicle], under a lease or otherwise, for a period greater than thirty days" (Vehicle and Traffic Law § 128; see *A Dan Jiang*, 97 AD3d at 908; *Progressive Halcyon Ins. Co. v Giacometti*, 72 AD3d 1503, 1506). Plaintiffs contend, however, that defendant possessed an unspecified "property interest" in the vehicle, thus rendering it a "co-owner" within the ambit of Vehicle and Traffic Law § 388. We reject that contention.

The record establishes that Jesse Ball leased the vehicle at issue from GMAC. Although Jesse Ball was an employee of defendant, the vehicle was her personal vehicle. Jesse Ball made the lease payments on the vehicle and paid for the insurance on the vehicle, which was insured under a policy separate from that of defendant's policy. By contrast, defendant's loaner vehicles were owned by defendant and insured under a policy of insurance issued to defendant. Further, the record reflects that Jesse Ball's vehicle was loaned to Leederman under unusual circumstances. After purchasing his pickup truck from defendant, Leederman discovered a number of problems with the truck. When Leederman made an appointment to repair the truck, defendant assured him that it would provide him with a replacement vehicle while his truck was being repaired. At the time Leederman dropped off his truck, however, none of defendant's loaner vehicles was available, and efforts to secure a rental vehicle for Leederman were likewise unsuccessful. Only then did defendant approach Jesse

Ball for permission to use her vehicle, which she granted.  Notably, Jesse Ball testified that she had not previously been asked to loan her vehicle to a customer.  We thus conclude that there is no evidence that Jesse Ball and defendant shared ownership of the vehicle for purposes of Vehicle and Traffic Law § 388.

Although the dissent concludes that there are issues of fact "regarding whether defendant had sufficient 'use and possession' of the vehicle to be considered a co-owner" with Jesse Ball, Vehicle and Traffic Law § 388 defines the term "owner" as "a person entitled to the use and possession of a vehicle . . . *subject to a security interest in another person*" (§ 128 [emphasis added]).  The record establishes that it was Jesse Ball, not defendant, who as the lessee of the vehicle was entitled to its use and possession subject to GMAC's security interest.  Further, there is no record support for the dissent's assertion that the inclusion of a "stock number" for the vehicle in question is indicative of co-ownership.

Plaintiffs' bill of particulars further asserts that defendant "negligently entrust[ed] the vehicle to an inexperienced and incompetent driver."  We agree with defendant that it is entitled to summary judgment dismissing the complaint against it insofar as it is premised upon a claim of negligent entrustment.  "To establish a cause of action under a theory of negligent entrustment, 'the defendant must . . . have some *special knowledge concerning a characteristic or condition peculiar to the [person to whom a particular chattel is given]* which renders [that person's] use of the chattel unreasonably dangerous' " (*Cook v Schapiro*, 58 AD3d 664, 666, *lv denied* 12 NY3d 710; *see Burrell v Barreiro*, 83 AD3d 984, 985-986).  Here, there is no evidence that defendant possessed any special knowledge concerning a characteristic or condition peculiar to Leederman that rendered his use of Jesse Ball's vehicle unreasonably dangerous (*see Burrell*, 83 AD3d at 986).  Before loaning the vehicle to Leederman, defendant verified that he had a valid driver's license and recorded Leederman's insurance and credit card information.  Further, Leederman signed a rental agreement pursuant to which, inter alia, he affirmed that he was over the age of 25 and agreed that he would not permit anyone under 21 years of age to operate the vehicle.  Trummer, who was operating the vehicle at the time of the accident, was not with Leederman when he was loaned the vehicle from defendant.  In opposition to the motion, plaintiffs failed to raise a triable issue of fact as to special knowledge on the part of defendant and, notably, they do not address the negligent entrustment claim in their responding brief.

We therefore reverse the order, grant defendant's motion, and dismiss the complaint and all cross claims against it.

All concur except SCONIERS and VALENTINO, JJ., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent because we conclude that, on this record, Jim Ball Pontiac-Buick-GMC, Inc. (defendant) failed to satisfy its initial burden in moving for summary judgment dismissing the complaint and all cross claims against it of establishing as a matter of law that it was not an owner of the

vehicle that rear-ended the parked vehicle in which plaintiff Robert K. Monette was seated at the time of this accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). As a result, we would affirm the order denying defendant's motion.

Vehicle and Traffic Law § 388 (1) imposes vicarious liability on "[e]very owner of a vehicle used or operated in this state . . . for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with permission, express or implied, of such owner." "Owner" is defined in Vehicle and Traffic Law § 128 in relevant part as "[a] person, other than a lien holder, having the property in or title to a vehicle" and "includes a person entitled to the use and possession of a vehicle . . . subject to a security interest in another person *and also includes* any lessee or bailee of a motor vehicle . . . having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days" (emphasis added). Plaintiffs concede that there is no evidence that defendant had "the exclusive use" of the vehicle "for a period greater than thirty days." In addition, it is undisputed that the vehicle was leased through GMAC, which accordingly had a security interest in it. The question that remains, however, is whether defendant was entitled "to the use and possession of [the] vehicle" (*id.*). Although "[g]enerally ownership is in the registered owner of the vehicle or one holding the documents of title" (*Fulater v Palmer's Granite Garage, Inc.*, 90 AD2d 685, 685, *appeal dismissed* 58 NY2d 826; *see Young v Seckler*, 74 AD2d 155, 156-158), the record does not include either the vehicle's title or the New York State registration. In any event, "a party may rebut the inference that arises from [a title or registration]" (*Fulater*, 90 AD2d at 685).

Viewing the evidence in the light most favorable to plaintiffs, who are opposing defendant's motion (*see generally Victor Temporary Servs. v Slattery*, 105 AD2d 1115, 1117), we conclude that there are issues of fact regarding whether defendant had sufficient "use and possession" of the vehicle to be considered a co-owner with defendant Jesse Ball. James Ball, defendant's owner and Jesse Ball's father, testified at his deposition that, on the day of the accident, "[a]ll our loaner cars were out, and the only car we had was my daughter's. So we used that and put it on a loaner agreement . . . , same as we would any other loaner car that we had." He also agreed that the vehicle was from his place of business. Although Jesse Ball consented to the use of the vehicle in this manner, it is unclear whether defendant obtained her permission as a co-owner with equal rights to possession or whether she provided the vehicle to defendant for use in the context of a bailment. To the extent that the testimony of Jesse Ball and James Ball created questions of fact on the issue of ownership (*see Young*, 74 AD2d at 159 [Damiani, J.P., concurring]), defendant failed to meet its burden, and we need not consider plaintiffs' evidence (*see generally Alvarez*, 68 NY2d at 324). Moreover, defendant's notation of a "stock number" for the vehicle in question on the loaner agreement lends further support to plaintiffs' theory of co-ownership.

Defendant further contends that assuming, arguendo, that it is an owner of the vehicle, the Graves Amendment (49 USC § 30106) shields it from liability. We conclude that defendant did not meet its initial burden on that ground "inasmuch as it did not offer competent proof that it was engaged in the business or trade of leasing or renting motor vehicles" (*Cassidy v DCFS Trust*, 89 AD3d 591, 591).

Entered: April 26, 2013

Frances E. Cafarell
Clerk of the Court