# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1065**
**CA 15-00255**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

ANTONIO MARTIN, PLAINTIFF-RESPONDENT,

V                                                 MEMORANDUM AND ORDER

LANCER INSURANCE COMPANY, DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR DEFENDANT-APPELLANT.

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (RICHARD NICOTRA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 17, 2014. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action seeking no fault benefits under an insurance policy issued by defendant to D & M Collision, Inc. (D & M), a car dealership that allegedly owned the vehicle in which plaintiff was injured when it was struck from behind by another vehicle. Defendant moved for summary judgment dismissing the complaint, contending that the vehicle in question was not owned by D & M, its insured, at the time of the accident and thus is not covered by the policy. We conclude that Supreme Court properly denied the motion inasmuch as there is an issue of fact whether D & M owned the vehicle.

Plaintiff had a business relationship with D & M's owner whereby plaintiff would use D & M's dealer credentials to purchase used vehicles at auction. On June 14, 2012, plaintiff, using D & M's credentials, purchased a 2001 Chrysler 300 at auction for $600. Although plaintiff used his own money to purchase the vehicle, the Retail Certificate of Sale form (form MV-50) issued in conjunction with the sale identifies D & M as the buyer. Approximately two months later, in mid-August 2012, plaintiff agreed to sell the vehicle to Edward Hardy. The title to the vehicle could not be transferred to Hardy, however, until the vehicle passed inspection, and the vehicle could not pass inspection until its computer codes had been cleared. According to plaintiff, the vehicle had to be driven a certain distance in order for the codes to be cleared.

On August 31, 2012, the vehicle was involved in an accident while Hardy was driving and plaintiff was a passenger.  At that time, title to the vehicle still had not been transferred to Hardy because the codes had not yet been cleared, and the vehicle therefore had not yet passed inspection.  In the accident, plaintiff sustained injuries for which he received medical treatment, and he thereafter sought payment of his medical expenses by defendant under the policy it issued to D & M.  Defendant refused to provide coverage on the ground that its policy did not cover the vehicle because the vehicle was not owned by D & M, and plaintiff thereafter commenced this action.

The no-fault coverage defendant provided to D & M covered all vehicles "owned" by D & M.  Vehicle and Traffic Law § 128 defines an "owner" as "[a] person, other than a lien holder, having the property in or title to a vehicle."  Generally, "ownership is in the registered owner of the vehicle or one holding the documents of title[,] but a party may rebut the inference that arises from these circumstances" (*Fulater v Palmer's Granite Garage*, 90 AD2d 685, 685, *appeal dismissed* 58 NY2d 826; *see also Zegarowicz v Ripatti*, 77 AD3d 650, 653).  Where there is conflicting evidence of ownership, the issue must be resolved by a trier of fact (*see Sosnowski v Kolovas*, 127 AD2d 756, 758; *Fulater*, 90 AD2d at 685).  Moreover, we note that there may be more than one owner of a vehicle and, to the extent that there is more than one owner here, they may be jointly and severally liable to plaintiff (*see* Vehicle and Traffic Law § 388 [1], [3]; *Hassan v Montuori*, 99 NY2d 348, 353).

Here, the evidence submitted by defendant in support of its motion failed to eliminate all issues of fact whether D & M owned the subject vehicle at the time of the accident.  Notably, the vehicle was purchased with D & M's dealer credentials and, at the time of the accident, D & M had title to the vehicle, and its dealer plates were on the vehicle.  Although defendant presented additional evidence seeking to rebut the presumption of D & M's ownership arising from those circumstances, the court properly concluded that it failed to do so (*see generally Aronov v Bruins Transp.*, 294 AD2d 523, 524; *Sosnowski*, 127 AD2d at 758).

Defendant's remaining contentions are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court